**In re ACE FINANCE COMPANY, Debtor.**

**Bankruptcy No. B83–2897.**

United States Bankruptcy Court, N.D. Ohio, E.D.

April 2, 1986.

Robert S. Balantzow, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for debtor.

Harlan Hertz, Hertz, Kates, Friedman & Kammer, Ronald Rubenstein, Dianne L. Blocker, Sindell, Sindell & Rubenstein, Cleveland, Ohio, for Creditors Committee.

Edward R. Brown, Arter & Hadden, Cleveland, Ohio, for Huntington Nat. Bank.

Steven Sindell, Cleveland, Ohio, for Arny Kleinman.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the motion of Huntington National Bank (Movant) to dismiss a Proof of Claim filed in the above-styled proceedings by Arny Kleinman (Claimant). Said proceedings were commenced upon the filing of a petition under Chapter 11 by the Ace Finance Company (Debtor) in October of 1983.

*Factual Findings*

Prior to' the filing of its Chapter 11 petition, the Debtor advanced funds to an entity known as Beachwood Spas International, Inc. (BSI). The Claimant, Arny Kleinman, was affiliated with BSI as its president and sole stockholder. Said advances were made to BSI by the Debtor for purposes of supporting BSI's operations, including the purchase of quantities of various contracts engaged in by BSI. Subsequently, in January, 1985, BSI ceased operations. Attendant with its termination of business operations, BSI failed to pay its quarterly withholding taxes for the third and fourth quarters of 1984, which totalled $200,000.00. The proof of claim filed by the Claimant, purportedly, is "on behalf of the Internal Revenue Service by virtue of the fact that said Claimant is co-obligor on the obligation." (*See* Claimant's Proof of Claim.)

In view of these premises, the movant, Huntington National Bank, would have this Court determine that the subject proof of claim should be dismissed for failure to state a claim upon which relief can be granted, pursuant to relevant provisions of Rule 12(b), Fed.R.Civ.P., and BR 7012.

As alleged in paragraph 3 of the Claimant's Proof of Claim,

"... This claim is being made for Federal Withholding and FICA taxes withheld but not paid by Beachwood Spas, Inc., which entity is an alter ego of the Debtor Corporation. Further, liability of these taxes has been incurred by the Debtor pursuant to 26 U.S.C. 6672 and 26 U.S.C. 3504 and 3505."

As stated previously, Claimant further contends, as alleged in paragraph I of his Proof of Claim, that said claim was being made by him on behalf of the Internal Revenue Service "by virtue of the fact that said Claimant is co-obligor on the obligation." In brief, the Claimant would have this Court understand that BSI was an

"alter ego" of the Debtor Corporation and further that any shares of stock held by the Claimant were actually properties of the Debtor Corporation.[1]

The Movant's several contentions are as follows:

1) The Claimant has been or will be as-. sessed taxes and penalties by the IRS as a "responsible person" under IRC 6672(b).[2]

2) Such assessment cannot be a basis in the guise of the subject claim to seek reimbursement or contribution from others who may also be responsible or liable for the same amounts.

3) Since there is no right to contribution/reimbursement for these amounts outside of bankruptcy, there is no basis to permit reimbursement in bankruptcy proceedings.

The foregoing gives rise to the statement of the dispositive issue:

Whether a valid proof of claim is filed by a purported co-obligor where there exists potential liability upon said co-obligor for unpaid federal employment withholding and FICA taxes and/or penalties?

*Applicable Law:*

*§ 501(b):*

"If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim."

*§ 502(e)(1)(B):*

"Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow a claim for reimbursement or contribution of an entity that is liable with the debtor or has secured the claim of a creditor, to the extent that—

(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution."

*§ 502(e)(2):*

"A claim for reimbursement or contribution of such an entity that becomes fixed after the commencement of the case shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of filing of the petition."

*26 U.S.C. 6672:*

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

■■■ Although the Claimant cited no Code provision, or other authority respecting the subject claim, presumably, he desires the status of a priority claimant under § 507(a)(7), as an unsecured claim of a governmental unit for taxes to be collected or withheld and for which the Debtor is liable in whatever capacity. Such a posture is improper as it would necessarily require this Court to determine that the Debtor is so liable. As no assessment or penalty has been made by the Internal Revenue Service to this effect, Claimant's claim, becomes premature. Moreover, a purported contention of the Claimant that the tax liability was incurred on behalf of the Debtor after its Chapter 11 proceeding was filed, further leaves the claimant without a valid claim as there is no federal common law

---

**1.** In an earlier-filed pleading, Claimant sought declaratory judgment to have this Court determine that the Debtor should be deemed responsible for any assessment or penalty imposed by the IRS. Such Complaint for declaratory judgment was later dismissed on December 19, 1985.

**2.** The Movant, Huntington National Bank, referenced the Court to its earlier-filed Motion for Summary Judgment in Adv.Proc. B85–0201, suggesting that the same issue was addressed.

right of contribution unless statutorily permitted. This maxim applies to § 6672 penalties and no such statutory allowance is contained therein. *Rebelle v. U.S.*, 588 F.Supp. 49, 51 (M.D.La., 1984). The *Rebelle* court correctly holds that a "responsible person" required to pay a penalty for failure to meet withholding tax requirements may not seek or obtain contribution or indemnity from some other person. *See also, Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952).

Other than conclusory allegations and averments, nothing has been presented to this Court to substantiate that the Debtor Corporation is in any manner responsible for corporate liabilities of BSI. Even in the absence of this information, the Claimant may not be deemed a co-debtor. Where Section 501(b) of the Code allows a co-debtor, surety or guarantor to file a claim if a creditor fails to timely do so, the present Claimant is not a co-debtor (co-obligor), as there can be no contribution/reimbursement to an entity or person that the IRS assesses as being responsible for § 6672 withholding tax penalties. Furthermore, the statutory scheme which interrelates Sections 501(b) and 502(e) of the Code requires that a proper co-debtor filing a proof of claim on behalf of a creditor have a surety nexus with the debtor. Such is not evident in the matter at bar. To the extent that the Claimant contends that he is a surety, which is not clear in this matter, he still would not be entitled to relief on a claim as 502(e), as stated above, would disallow any claim which is contingent at the time of allowance or disallowance of the claim. (*See*, 11 U.S.C. 502(e)(1)(B). *See also, In re Windsor Communications Group, Inc.*, 45 B.R. 770, 773 (Bankr.E.D. Pa.1985), where the court disallowed a similar claim premised on potential liability.) Moreover, the legislative history to §§ 502(e)(1)(B) and 502(e)(2) provides a combined effect of allowing a surety or co-debtor a claim for reimbursement or contribution only to the extent that the surety or co-debtor has paid the assured party at the time of allowance. In the matter, *sub judice*, there is no indication that the Claimant has paid any amount on the underlying claim. In fact, paragraph I of his Proof of Claim asserts that he is a co-obligor on the subject obligation.

Accordingly, this Court finds the motion of the Movant to be well taken and, for the reasons stated herein, dismisses Claimant's Proof of Claim.

IT IS SO ORDERED.