**In re ALL STAR SPORTS, INC., Debtor.**

**Bankruptcy No. BK–S–84–176.**

United States Bankruptcy Court, D. Nevada.

Sept. 25, 1987.

Donald Brookhyser, Las Vegas, Nev., for Manderscheid.

Cindy Stock, Las Vegas, Nev., for Cloth World.

Joshua Landish, Las Vegas, Nev., for trustee.

## MEMORANDUM DECISION AND ORDER PARTIALLY ALLOWING ADMINISTRATIVE CLAIM

ROBERT CLIVE JONES, Chief Judge.

The Debtor corporation, All Star Sports, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 8, 1984. On February 7, 1985 the case was converted to a Chapter 7. On November 10, 1986 Gilbert Manderscheid, an officer of the Debtor, filed a proof of claim against the estate in the amount of $14,220 representing taxes accruing post-petition that he paid to the IRS and the Nevada Department of Taxation on behalf of the Debtor. The taxes that Manderscheid paid to the IRS on behalf of the estate were for amounts that the Debtor corporation withheld from its employees after the filing of the petition but never paid over to the

government. The taxes paid to the Department of Taxation were for sales taxes incurred subsequent to the filing of the petition. Manderscheid contends that since he paid these claims on behalf of the estate, he is entitled to be reimbursed by the estate. He further argues that since the IRS and Department of Taxation would have been entitled to administrative status under 11 U.S.C. section 503(b)(1)(B), his claim is similarly entitled to administrative status. The trustee and another administrative claimant, Cloth World of Nevada, Inc., contend that Manderscheid is not entitled to administrative priority. Rather, they contend that Manderscheid is entitled to the seventh priority under section 507(a)(7) and, thus, section 507(d) expressly prohibits subrogation with respect to priority.

For the following reasons the Court finds that Manderscheid is not entitled to be reimbursed by the estate for the taxes that he paid to the IRS. Thus, with respect to those taxes, the Court need not address the issue of subrogation to the IRS' administrative priority. However, with respect to the state sales taxes, Manderscheid may seek indemnification. Furthermore, 11 U.S.C. section 507(d) does not prohibit subrogation with respect to priority.

## THE IRS OBLIGATION

As noted, the taxes that Manderscheid paid to the IRS on behalf of the estate were for amounts that the Debtor corporation withheld from its employees but failed to turn over to the government. At the hearing, Manderscheid's counsel stated that Manderscheid had been notified by the IRS that these were taxes for which the one hundred percent penalty of 26 U.S.C. section 6672 was to be assessed against Manderscheid personally, as a "responsible person."[1]

■ The liability imposed on responsible persons pursuant to 26 U.S.C. section 6672 is separate and distinct from the corporate employer's duty to pay such taxes. *Bloom v. United States,* 272 F.2d 215, 221 (9th Cir.1959) (construing 26 U.S.C. section 2707, the predecessor to 26 U.S.C. section 6672.) *See also United States v. Huckabee Auto Co.,* 783 F.2d 1546, 1548–49 (11th Cir. 1986); *Howard v. United States,* 711 F.2d 729, 733 (5th Cir.1983). The government is not required to attempt to collect such taxes from the corporation before assessing and collecting the one hundred percent penalty against its responsible officers. *Huckabee,* 783 F.2d at 1148–49; *Hornsby v. Internal Revenue Service,* 588 F.2d 952, 954 (5th Cir.1979); *Hutchison v. United States,* 559 F.Supp. 890, 894 (N.D.Ohio 1982); *Bowen Industries, Inc. v. United States,* 61 B.R. 61 (Bankr.W.D.Tex.1986).

■ "Whether a responsible person who has been held liable for a tax penalty under section 6672 has a right of indemnity against the employer is 'greatly to be doubted' ". *In re Windsor Communication Group, Inc.,* 45 B.R. 770, 774 (Bankr. E.D.Pa.1985) (quoting *Spivak v. United States,* 254 F.Supp. 517, 524 n. 9 (S.D.N.Y. 1966), *aff'd,* 370 F.2d 612 (2d Cir.1967)). It is well established that, absent legislation, there is no federal common law right to indemnification or contribution. *Halcyon Lines v. Haenn Ship Ceiling and Refitting Corp.,* 342 U.S. 282, 285–86, 72 S.Ct. 277, 279–80, 96 L.Ed. 318 (1952). Section 6672 contains no such statutory allowance and it has been widely held that a responsible person required to pay such a penalty may not seek or obtain contribution or indemnity from some other person. *See e.g., Sinder v. United States,* 655 F.2d 729, 732 (6th Cir.1981). *Rebelle v. United States,* 588 F.Supp. 49, 51 (M.D.La.1984); *Rice v. Pearce,* 574 F.Supp. 23 (S.D.Iowa 1983); *Moats v. United States,* 564 F.Supp. 1330, 1341–42 (W.D.Mo.1983); *Hanhauser v. United States,* 85 F.R.D. 89, 91–92 (M.D. Pa.1979); *In re Ace Finance Co.,* 59 B.R.

---

**1.** 26 U.S.C. section 6672 provides in pertinent part:

(a) General rule—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such ... or the payment thereof, shall, in addition to other penalties provided by law, be liable to as penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

667, 670 (Bankr.N.D.Ohio 1986); *Windsor*, 45 B.R. at 774. *But see Reid v. United States*, 558 F.Supp. 686 (N.D.Miss.1983).

Several policy reasons support following this majority rule against indemnification or contribution. First, the penalty provided for in section 6672 is assessed only for the willful failure to account for taxes. Courts have generally declined to extend any right of contribution or indemnification in favor of an intentional tortfeasor who acts in pari delicto with others. *See DiBenedetto v. United States*, 35 AFTR 2d 75–1502, 75–1 USTC para. 9503 (D.R.I. 1974); *Hanhauser*, 85 F.R.D. at 92 (citing W. Prosser, Law of Torts, section 50 at 308 (4th Ed. 1971)). Further, it has been noted that the penal nature of the statute would be reduced, if not entirely defeated, by allowing a person found to be a "responsible person" to shift the burden or cost of the assessment. *See, e.g., Rebelle*, 588 F.Supp. at 51.

This Court is persuaded that a "responsible person" required to pay a penalty for failure to meet withholding tax requirements may not seek or obtain contribution or indemnity from the employer. Accordingly to the extent that the proof of claim filed by Manderscheid reflects such amounts, it must be disallowed.

## THE STATE SALES TAXES

As noted, the taxes that Manderscheid paid to the Department of Taxation were for sales taxes incurred post-petition. As a result, Manderscheid contends that these taxes are payable as an administrative expense pursuant to sections 503(b)(1)(B) and 507(a)(1). The trustee contends that the claims are payable under section 507(a)(7), the seventh priority category, which includes most tax liabilities.

11 U.S.C. section 503(b)(1)(B) includes as an administrative expense:

Any tax—(i) incurred by the estate except a tax of a kind specified in section 507(a)(7).

Section 507 gives the order of priority for claims and expenses of the bankruptcy estate. Section 507(a)(7) grants seventh priority to:

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

The Court disagrees with the trustee that the taxes in question are entitled to the seventh priority. Section 503(b) is clear in providing that any tax *incurred by the estate*, other than one specified in section 507(a)(7), is entitled to administrative expense status. This Court has recently held that the exception for section 507(a)(7) taxes merely excludes taxes actually incurred pre-petition but which, for some reason, become due and payable post-petition. *In re Hotel Nevada Corp.*, 75 B.R. 174, 1975 (Bankr.D.Nev., 1987) (citing *In re General Polymetrics Corp.*, 54 B.R. 523, 524–25 (Bankr.D.Conn.1985)); *Accord In re Friendship College, Inc.*, 737 F.2d 430, 431–32 (4th Cir.1984) (The term "estate" as used in section 503(b)(1)(B)(i) implies *post-petition* liabilities. Thus, claims for FICA and income taxes withheld by a debtor from its employees but never paid to the IRS during an attempted reorganization were entitled to administrative expense priority since they were incurred by and are a liability of the estate). Accordingly, although the sales taxes paid by Manderscheid on behalf of the Debtor may have been taxes "of the kind" specified in section 507(a)(7), they are nevertheless entitled to administrative expense status since these taxes were incurred by the *estate*.

## THE RIGHT TO SUBROGATION

The trustee argues that section 507(d) prohibits Manderscheid's subrogation, with respect to priority, to the claim of the Department of Taxation. Section 507 establishes the priority treatment of various claimants of the estate. Subsection (d) provides:

An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), or (a)(6) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

The section's reference to subsections "(a)(5)" and "(a)(6)" should have been

changed to read "(a)(6)" and "(a)(7)", respectively, in accordance with the redesignation of those sections by Pub.L. No. 98–353. *See* L. King, *Collier on Bankruptcy,* section 507–4 (15th Ed. 1986). Thus, section 507(d) prohibits subrogation, for purposes of priority, with respect to a claim for taxes entitled to the seventh priority under section 507(a)(7). However, section 507(d) makes no reference to claims entitled to the first priority under section 507(a)(1). Since, as noted above, the taxes in question are entitled to administrative status under sections 503(b)(1)(B) and 507(a)(1), section 507(d) does not prohibit subrogation.[2]

The next question, however, is whether Manderscheid can avail himself of the rights of the Nevada Department of Taxation under common law principles of subrogation. As a general matter, the right to subrogation exists only when the subrogee pays or discharges a debt for which another is primarily liable. *In re New England Fish Co.,* 749 F.2d 1277, 1282 (9th Cir.1984). One cannot seek subrogation for the payment of one's own debts. *Id.,* 749 F.2d at 1282; *see also In re Smothers,* 60 B.R. 733, 735 (Bankr.E.D.Ky. 1986); *In re Glade Springs Inc.,* 47 B.R. 780, 785 (Bankr.E.D.Tenn.1985); *Commercial Casualty Ins. Co. v. Petroleum Pipe Line Co.,* 83 F.2d 412, 414 (10th Cir.1936). Here, it has not been argued that Manderscheid was personally liable for the sales taxes he paid on behalf of the debtor corporation. Therefore, Manderscheid may be subrogated to the Nevada Department of Taxation's administrative priority as to that portion of his claim.

## CONCLUSION

Manderscheid has an administrative claim against the estate in the amount of $2,100. The balance of his claim is hereby DISALLOWED.

IT IS SO ORDERED.

---

2. *See* 3 L. King, *Collier on Bankruptcy,* section 507.07 at 507–50. (15th ed. 1986) ("Subrogation with respect to priority is intended to be given for administrative claims....")