**In re FJS TOOL & MANUFACTURING CO., INC., Debtor.**

**Bankruptcy No. 82 B 08233.**

United States Bankruptcy Court, N.D. Illinois, E.D.

July 22, 1988.

Thomas J. Jacobs, Burke, Griffin, Chomicz & Wienke, Chicago, Ill., for debtor and Fredric Spencer.

Joseph Cammarata, U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION ON MOTION OF FREDRIC J. SPENCER FOR APPROVAL OF SUBROGATION CLAIM

JACK B. SCHMETTERER,
Bankruptcy Judge.

### INTRODUCTION

The debtor was a small Illinois manufacturer. Claimant, Fredric J. Spencer was an officer of debtor, and is represented by debtor's counsel. He filed a Proof of Claim, alleging that he was entitled to $27,865.79 from debtor when the case was filed in 1982. The basis for the claim is the allegation that he paid the Internal Revenue Service that sum "in satisfaction of the administrative claims against the Debtor in these proceedings evidenced by the administrative expense form attached hereto as Exhibit 1 received by the Bankruptcy Court on October 29, 1985". The form attached is an I.R.S. claim in this case filed October 29, 1985, covering tax periods in 1983 and 1984. Claimant alleges that the obligations in question were for unpaid federal withholding taxes due from debtor.

While on its face the claim asserts a debt due at the time the bankruptcy was filed, the appended IRS claim document on which it is based obviously came after this case was filed and covered post-petition taxes.

Mr. Spencer has petitioned that his foregoing claim be approved "as subrogee of the Internal Revenue Service with respect to its claim for unpaid withholding taxes". For reasons stated below, the motion is denied and his entire claim is denied.

### UNDISPUTED OR STIPULATED FACTS

Debtor filed its petition under Chapter 11 of the Bankruptcy Code on June 23, 1982. This case was converted to one under Chapter 7 on July 17, 1986.

Petitioner was President, Chief Executive Officer and Treasurer of the Debtor at all times mentioned prior to and during the Chapter 11 and Chapter 7 proceedings in this case.

During pendency of the Chapter 11 proceedings, and particularly for the quarterly periods commencing June 1, 1983 and ending December 31, 1984, Debtor failed to pay federal employee withholding taxes in the amount of $27,865.74.

On or about September 24, 1982, the United States filed a proof of claim in the amount of $30,817.68 for unpaid federal withheld income taxes and Federal Insurance Contributions Act taxes for the third and fourth quarters of 1981 and the second quarter of 1982. On October 29, 1985, the United States filed a Request for Payment of Internal Revenue Taxes (Administrative Expenses) in the amount of $27,865.74 for unpaid federal withheld income taxes and Federal Insurance Contributions Act taxes for the second, third and fourth quarters of 1983, and the third quarter of 1984, and for unpaid Federal Unemployment Tax Act taxes for 1983 and 1984.

On or about April 11, 1985, a delegate of the Secretary of the Treasury made an assessment, pursuant to the provisions of 26 U.S.C., § 6672, against Fredric Spencer by reason of his willful failure to collect, truthfully account for, and pay over withheld income and Federal Insurance Contributions Act taxes in connection with his operation of the debtor FJS Tool and Manufacturing Co., Inc. for the third and fourth quarters of 1981, the second quarters of 1982, the second, third and fourth quarters of 1983 and the second and third quarters of 1984.

Fredric Spencer has paid $33,142.96 toward the IRS assessment against him personally, which was applied by the IRS as follows:

(a) With regard to the debtor's post petition tax liability, $12,049.56 has been applied thereto, as follows:

(1) $ 290.53 Second Quarter 1983
(2) 5,318.08 Third Quarter 1983
(3) 2,799.18 Fourth Quarter 1983
(4) 3,641.77 Third Quarter 1984
(5) 113.36 Second Quarter 1984

Consequently, the IRS asserts that the debtor currently has a remaining post-petition tax liability of $15,702.82.

(b) With regard to the debtor's pre-petition tax liability, $21,093.40 has been applied thereto, as follows:

(1) $8,498.22 Third Quarter 1981
(2) 7,815.91 Fourth Quarter 1981
(3) 4,665.91 Second Quarter 1982

Consequently, the IRS asserts that the debtor currently has a remaining pre petition tax liability of $9,837.64.

On February 11, 1988, Fredric Spencer filed a Petition for Approval of His Claim as Subrogee of the Internal Revenue Service as an Administrative Expense based on his $33,142.96 payment made as specified above. The United States objected to approval of this claim.

This Court set a trial for July 27, 1988 on the issue of whether Fredric Spencer was a responsible officer of the debtor.

For purposes of determining whether or not Fredric J. Spencer is entitled to be a subrogee of the Internal Revenue Service, as an administrative expense, it has been agreed and stipulated between the parties that Fredric J. Spencer is liable to the United States pursuant to the provisions of 26 U.S.C. § 6672 as a responsible person of the debtor for the periods specified hereinabove. This Stipulation of the parties made unnecessary the trial scheduled on July 27, 1988, and that trial was cancelled.

## DISCUSSION

1. *Claimant did not follow procedures under § 364.*

With respect to that portion of Spencer's payment applied to debtor's post petition

tax debt, he claims subrogation rights so as to stand in the shoes of the IRS and enjoy its position as administrative claimant. Under 11 U.S.C. § 364(b), a statutory scheme exists to deal with the situation faced by the debtor and Spencer. The Debtor-in-Possession could have asked the Court for leave to borrow money from Spencer to pay its post petition taxes in return for Spencer receiving an administrative priority under § 503(b)(1), or a super priority under a 364(c). Such could have been considered if done on notice to creditors and after hearing. That was never sought. Spencer, the debtor's officer, now seeks the same result as if he had made such a motion and prevailed.

Spencer claims to have made the payment to the IRS "involuntarily" because he was personally assessed as a responsible officer under 26 U.S.C. § 6672. However, he does not allege that the IRS seized his moneys to effect the payment, only that following assessment against him he made the payment. There has been no showing or allegation of inability due to time constraints, government action, or otherwise that made it impossible to seek his administrative priority under 11 U.S.C. 364(b), (c) and 503(b)(1).[1]

2. *Spencer cannot claim subrogation rights.*

Mr. Spencer's motion argues that the amounts owing by Debtor to the IRS for unpaid federal employee withholding and other taxes constituted an administrative expense of the Debtor's estate under Section 507(a)(1) of the Bankruptcy Code which together with § 503(b)(1)(B)(i) gives first administrative priority to unpaid post-petition withholding taxes. His Reply brief shifted grounds to request a seventh administrative priority under § 507(a)(7) for pre-petition taxes. Although Section 507(d) bars subrogation as to certain claims, it does not mention Section 507(a)(1) or 507(a)(7) which makes unpaid post-petition

1. Pursuant to 26 U.S.C. § 6672, a party assessed is given 30 days to pay, claim refund, and fur- nish bond to block IRS collection procedures.

tax and pre-petition tax obligations into first and seventh priority administrative expenses. Accordingly, he claims the remedy of subrogation for someone like himself "forced" to pay such tax liability because he thereby indirectly paid an administrative expense of the debtor corporation. He relies on the general view of subrogation set forth in *London and Lancashire Indemnity Co. v. Tindall*, 377 Ill. 308, 36 N.E.2d 334 (1941):

> Subrogation means placing one in the shoes of another, invested with all the rights of that other, in regard to certain obligations paid by him, who is thus subrogated. It is the substitution of another person in the place of a creditor or a claimant, to whose rights he succeeds in relation to the debtor claim asserted, and which has been paid by him involuntarily. *Id* [36 N.E.2d] at 337.

Based on the authority of *London*, Spencer claims to be subrogated to the rights of the Internal Revenue Service to the extent of Petitioner's payment of such taxes. Accordingly, and because § 507(d) does not bar subrogation as to post-petition and pre-petition tax claims, he asks to be treated as an administrative expense claimant to the extent of his payment in the amount of $33,306.37.

The IRS has applied the Spencer payment partly against pre-petition debts ($21,053.40), and partly against post-petition debts ($12,049.50). Spencer's claim to be subrogated to the IRS administrative claim under 11 U.S.C. § 503(b)(1)(B)(i) is therefore limited under his theory to $12,049.50, since § 503(b)(1)(B)(i) excludes by its terms pre-petition taxes under § 507(a)(7). The sum of $21,053.40 of Spencer's payment was applied to such pre-petition taxes and thus could be viewed as administrative only in a seventh priority.

■ While Spencer pleads that he was involuntarily assessed by the IRS, he does not plead even in conclusory form, let alone detail, that he paid involuntarily. Since involuntary payment is one of the requirements of subrogation under his Illinois law

theory, *see London supra*, 36 N.E.2d at 337, he has failed to plead all the elements for subrogation under Illinois law. On that ground alone, his motion for subrogation claim rights might be denied as a matter of law. If that were the only ground for denial, the Court would strike the motion with leave to amend to see if involuntary payment could be pleaded. Because other and more conclusive grounds for denial are present, however, there is no need to allow amendment.

The Seventh Circuit Court of Appeals recently reviewed the law of subrogation in *Matter of Bugos* 760 F2d 731, 733–34 (7th Cir.1985). Subrogation was claimed in that case under 11 U.S.C. § 509(a) which provides subrogation rights to a party co-liable with the debtor. Spencer does not claim to be co-liable with debtor and has not asserted that § 509(a) is applicable. Indeed as discussed hereinbelow, his obligation under 26 U.S.C. § 6672 is distinct from that of the corporation.[2] However, while the ruling in *Bugos* is not in point, its discussion of subrogation is instructive:

> As the Supreme Court observed in *American Surety Co. v. Bethlehem National Bank*, 314 U.S. 314, 317, 62 S.Ct. 226, 228, 86 L.Ed. 241, "Among the oldest of these [equitable doctrines] is the rule of subrogation whereby one who has been compelled to pay a debt that ought to have been paid by another is entitled to exercise all remedies which the creditor possessed against the other."
> \* \* \* \*
> "Subrogation is not a matter of strict right but is purely equitable in nature, dependent upon the facts and circumstances of each particular case." *In re Co–Build Companies, Inc.*, 21 B.R. 635, 636 (Bankr.E.D.Pa.1982).

D. Cowans, Bankruptcy Law and Practice § 12.29 (1983 Interim Edition), adeptly explains subrogation in bankruptcy:

> Certain entities may be liable to a creditor along with a debtor. A guarantor, a surety, a co-signor, a joint venturer, a joint tortfeasor, an endors-

---

**2.** For that reason, *In Re Alloway*, 37 B.R. 420 (Bankr. ED Penn., 1984) relied on by Spencer is not applicable, that being a case of a co-liable spouse under § 509(a).

er and perhaps other persons may have a legal obligation to pay the creditor. A person who gives the creditor collateral for the obligation the debtor has a liability for may likewise be in a position of having to satisfy the creditor. *Bankruptcy Law does not create such liabilities nor does it create the right of such person to reimbursement from the debtor. They are a matter of non-bankruptcy law.* The bankruptcy law provides a general rule that to the extent that such person or entity satisfies the creditor he or she becomes subrogated to the right the creditor has against the debtor. (Emphasis supplied.)

Accordingly, we must look to non bankruptcy law to consider Spencer's subrogation claim, in this case, to the Internal Revenue Code for the meaning of "responsible officer" and to Illinois common law for the meaning of subrogation.

A responsible officer's personal liability under 26 U.S.C. § 6672 is separate and distinct from the corporation's debt. *Monday v. United States,* 421 F.2d 1210, 1218 (7th Cir.1970), *cert. den.* 2100 .U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). Under 26 U.S.C. § 6672, the responsible officer is liable for penalty equal to 100% of taxes withheld but not remitted. He has a personal fiduciary obligation to see that his corporation remits employee withholdings held by it and by him in trust. 26 U.S.C. § 7501. Therefore the IRS assessment against Spencer recognized his personal liability for his breach of that trust. Subrogation generally "is not available to a party discharging a debt in performance of his own obligations". *In re Smothers* 60 B.R. 733, 735 (Bkrtcy W.D.Ky.1986).

Illinois law, on which Spencer relies for his subrogation theory, likewise makes that remedy unavailable to one who pays a debt for which he is primarily liable. *Illinois Law and Practice* "Subrogation" at § 5 and cases cited at fn. 38, 39, 40. Subrogation is a doctrine at law to provide a remedy for one who pays a debt for which another is primarily liable and which in equity and good conscience should have been discharged by the latter. *Id.,* at § 4 and cases cited.

In this case, the corporate debtor became liable to remit withholdings from its employees' salaries. Its President and responsible officer Spencer had a personal and individual responsibility to see that the corporate debtor did so. Instead, Spencer allowed the corporate debtor to employ those trust funds elsewhere. He followed a pattern that sadly is all too familiar in this Bankruptcy Court, that is the use in business operations of withholding trust funds in an effort to save the company. The IRS caught up to him and assessed him for his personal liability as responsible officer. He paid his debt and seeks to recoup by leap-frogging into the IRS priority position. To recognize a subrogation right in this situation would be to reward the one who breached his fiduciary duty and misused trust funds withheld from employees in his business. It would also encourage similar misuse by responsible officers of other corporate debtors. They would feel able to pay the 100% penalty for post-petition withholding taxes when caught and then through subrogation obtain a priority claim in place of the IRS.

In *Geneva Const. & Co. v. Martin Transfer & Storage Co.,* 4 Ill.2d 273, 283, 122 N.E.2d 540 (1954), the Illinois Supreme Court discussed the concepts behind subrogation:

This legal concept originated in equity, but is presently an integral part of the common law, and is designed to place the ultimate responsibility for a loss upon the one on whom in good conscience it ought to fall, and to reimburse the innocent party who is compelled to pay. Under this doctrine, a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such a wrongdoer. *Geneva Const., Id.,* at 283 [122 N.E.2d 540].

To apply that doctrine to this case would turn it on its ear. Spencer is not an "innocent party"; he is stipulated to be a responsible officer under 26 U.S.C. § 6672 and therefore he was responsible for the unlawful corporate use of taxes withheld from debtor's employees. The small corporate

debtor was not a "wrongdoer"; it was the inanimate pawn of its responsible officer who was its President, Spencer. To apply the subrogation doctrine here would not place a loss on one who "in good conscience" it ought to fall, but would rather protect the one who in good conscience should not be so protected. The case of *In Re Alloway*, 37 B.R. 420 (Bankr.E.D.Penn. 1984) relied on by Spencer is not in point, not merely because it was brought under § 509(a) by a co-liable spouse (fn. 2 *supra*), but also because debtor's spouse in that case was an innocent party, not a wrongdoer.

Accordingly, this Court concludes that the doctrine of subrogation is not available to debtor's responsible officer Spencer under Illinois law.

Since the foregoing determination is made as a matter of law under Illinois law and the Internal Revenue Code based on Spencer's stipulated status as debtor's responsible officer, there is no need to hold the trial previously scheduled.

3. *The Spencer claim is not for prepetition debt to him.*

█ Finally, it must be observed that the claim form filed by Spencer (as distinguished from his pending motion) appeared to claim a pre-petition debt, though that was contradicted on the face of the claim by the attachment to claim. From the stipulated and uncontested facts before the Court, it is clear that Spencer's claim arose wholly post-petition when he paid the IRS (partly for pre-petition tax debt, partly for post-petition). It cannot in any sense be recognized or allowed as a pre-petition general unsecured claim. Even if viewed, most generously, as a post-petition loan to the debtor, it was not authorized under § 364 and therefore cannot be allowed as such.

## CONCLUSION

Therefore, the Spencer claim will be entirely denied and disallowed by separate Order entered this date.