**In re Robert A. YEARGIN, Debtor.**

**Robert D. PATTERSON, Plaintiff,**

v.

**Robert A. YEARGIN, Defendant.**

**Bankruptcy No. 387–04467.
Adv. No. 389–0407.**

United States Bankruptcy Court,
M.D. Tennessee.

July 19, 1990.

**622**

B. Anthony Saunders, Denney, Lackey & Chernau, Nashville, Tenn., for plaintiff.

Robert H. Waldschmidt, Howell, Fisher & Branham, Nashville, Tenn., for debtor/defendant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether a corporate officer who pays a 100% tax penalty under 26 U.S.C. § 6672 acquires by subrogation a nondischargeable claim against the debtor, another corporate officer against whom the IRS might also have imposed "responsible person" liability. There is no right of subrogation.

### I.

The debtor and Patterson were directors, officers and shareholders of A–Team Sports, Inc. A–Team was required to but did not withhold and remit employees' personal income taxes and social security taxes. Under 26 U.S.C. § 6672 the IRS assessed a $9,000 penalty against Patterson for A–Team's failure to remit.

Patterson claims that the IRS could have collected the 100% penalty from the debtor; that the IRS' claim against the debtor would have been nondischargeable in this Chapter 7 case; and, that 11 U.S.C. § 509(a) entitles him to subrogation to the IRS's nondischargeable claim. The debtor

responds that the IRS has not assessed a 100% penalty against him; that he was not a responsible person under § 6672; and, even if he was, Patterson cannot stand in the Service's shoes.

### II.

■ "The doctrine of subrogation enables one who pays the debt of another to stand in the shoes of the latter party and assert whatever rights that party held." *Fisher v. The Outlet Co. (In re Denby Stores, Inc.)*, 86 B.R. 768, 775 (Bankr.S.D. N.Y.1988). Subrogation is available only where the subrogee pays or discharges a debt for which another is primarily liable. *Rubenstein v. Ball Bros., Inc. (In re New England Fish Co.)*, 749 F.2d 1277 (9th Cir. 1984); *In re Russell*, 101 B.R. 62, 19 B.C.D. (LPR) 924 (Bankr.W.D.Ark.1989); *Denby*, 86 B.R. at 775; *Ridge v. Smothers (In re Smothers)*, 60 B.R. 733, 14 C.B.C.2d (MB) 1120 (Bankr.W.D.Ky.1986); *In re All Star Sports, Inc.*, 78 B.R. 281 (Bankr.D.Nev. 1987). Subrogation does not exist for a party paying his own debt. *Russell*, 101 B.R. at 65; *Denby*, 86 B.R. at 775; *Smothers*, 60 B.R. at 735.

■ In bankruptcy, 11 U.S.C. § 509(a) allows a "co-debtor" to assert subrogation rights as follows:

Except as provided in subsection (b) or (c) of this section, an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.

Section 509(b)(2) limits subrogation to the extent that the party asserting the right received consideration for the claim held by the creditor. This exception codifies the rule that subrogation is not available to a party who satisfies an obligation for which he is primarily liable. *See Russell*, 101 B.R. at 65.

■ Payment of a § 6672 tax penalty does not give rise to a right of subrogation of one responsible person against another. Section 6672 liability is personal and separate from the corporation's debt. *Quattrone Accountants, Inc. v. Internal Reve-*

*nue Serv.,* 895 F.2d 921 (3d Cir.1990); *Monday v. United States,* 421 F.2d 1210 (7th Cir.1970), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970); *In re F.J.S. Tool & Mfg. Co., Inc.,* 88 B.R. 866, 18 B.C.D. (CRR) 143 (Bankr.N.D.Ill.1988); *All Star Sports,* 78 B.R. at 283; *Cambridge Machined Products Corp. v. United States,* 58 B.R. 22 (Bankr.D.Mass.1985); *Abramson v. United States,* 48 B.R. 809 (E.D.N.Y.1985); *United States v. Rayson Sports, Inc.,* 44 B.R. 280 (N.D.Ill.1984); *H & R Ice Co., Inc. v. United States,* 24 B.R. 28 (Bankr.W.D.Mo.1982); *Emshwiller v. United States,* 565 F.2d 1042 (8th Cir.1977); *Hornsby v. Internal Revenue Serv.,* 588 F.2d 952 (5th Cir.1979). The assessment penalizes a responsible person's failure to insure that the employer remits withheld taxes. *F.J.S. Tool,* 88 B.R. at 870. Although the IRS has discretion to assess the 100% penalty against more than one responsible person until all withholding taxes are satisfied, a responsible person does not have a right of contribution or indemnification from either the employer or another responsible person. *Rice v. Pearce,* 574 F.Supp. 23 (S.D.Iowa 1983); *Sinder v. United States,* 655 F.2d 729 (6th Cir.1981); *In re Ace Finance Co.,* 59 B.R. 667 (Bankr. N.D.Ohio 1986); *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. United States,* 87–2 U.S. Tax Cases (CCH) 9442, 1987 WL 12206 (N.D.Ill.1987); *All Star Sports,* 78 B.R. at 283. *But see In re Henzler Mfg. Corp.,* 89 B.R. 655 (Bankr.N. D.Ohio 1988).

Here, Patterson has not paid the liability of another, he has only discharged the tax penalty for which he was primarily liable. He acquired no subrogation right against the debtor. *See Smothers,* 60 B.R. at 735; *Don–Sue Invs., Inc. v. Lapille (In re Lapille),* 53 B.R. 359 (Bankr.S.D.Ohio 1985).

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the debtor's motion for summary judgment is granted in part and denied in part. The remaining issues are reserved for trial on August 9, 1990 at 9:00 a.m. in Room 226, Customs House, 701 Broadway, Nashville, Tennessee.

IT IS SO ORDERED.