### In re Malinda McCREADY, Debtor.

### No. 97–04528.

United States Bankruptcy Court, M.D. Tennessee.

April 21, 1999.

---

C. Bennett Harrison, Jr., Cornelius & Collins, Nashville, TN, for the debtor.

John C. McLemore, Garfinkle, McLemore & Walker, Nashville, TN, for the trustee.

Edwin M. Walker, Garfinkle, McLemore & Walker, Nashville, TN, for the trustee.

## Memorandum

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on the debtor's objection to the trustee's motion to disallow the claim filed by the debtor on behalf of the Internal Revenue Service ("IRS" or "Service"). For the reasons more fully described herein, the court grants the trustee's motion, and orders the claim disallowed.

The facts of the case are not in dispute. The debtor filed her bankruptcy petition on May 9, 1997. Section 1398(d) of the Internal Revenue Code allows an individual chapter 7 or 11 debtor to elect to divide the taxable year in which a bankruptcy case is commenced into two "short years," the first ending the day before the case is commenced and the second beginning on the day the bankruptcy case is filed.[1] When the debtor makes the "short year election," the federal income tax liability for the first short tax year becomes an allowable claim against the bankruptcy estate as a claim arising prepetition. Accordingly, any tax liability for that first short year is entitled to priority under 11 U.S.C. § 507(a)(8) and is collectible from the estate to the extent assets are available to pay debts of that priority. See 11 U.S.C. § 507(a)(8). *In re Johnson,* 190 B.R. 724 (Bankr.D.Mass.1995).

---

1. 26 U.S.C. § 1398(d) provides as follows:

   (d) Taxable year of debtors.—
   (1) General rule.—Except as provided in paragraph (2), the taxable year of the debtor shall be determined without regard to the case under title 11 of the United States Code to which this section applies.
   (2) Election to terminate debtor's year when case commences.—

   (A) In general.—Notwithstanding section 442, the debtor may (without the approval of the Secretary) elect to treat the debtor's taxable year which includes the commencement date as 2 taxable years—
   (i) the first of which ends on the day before the commencement date, and
   (ii) the second of which begins on the commencement date.
   26 U.S.C. § 1398(d) (1999).

In this case, the debtor made no "short year election." Instead, the debtor filed and paid her entire 1997 tax liability to the Service on or before April 15, 1998 to avoid the assessment of penalties and interest. Prior to payment of the taxes, but before the expiration of the bar date for filing a proof of claim in her chapter 7 case, the debtor filed a proof of claim on behalf of the IRS reflecting that she paid $76,605 for 1997 taxes, $21,938 of which was attributable to prepetition earnings.[2]

Upon his application to close this chapter 7 case, the trustee made recommendations about which claims should be disallowed. The trustee seeks to disallow the claim of the IRS on the grounds that no "short year election" had been made, and there is no outstanding tax liability to the IRS. The debtor, on the other hand, contends that the § 1398(d) election is irrelevant to the allowance of the Service's priority claim under § 507(a)(8)(A)(iii).

■ 11 U.S.C. § 101(5) defines "claim" as a "right to payment." Under this clear and simple definition, the IRS has no "right to payment" because it has already been paid. The debtor indicated in the Amended Proof of Claim that she paid her entire 1997 tax liability to the IRS. The court, therefore, finds that the Service has no "right to payment." Furthermore, 11 U.S.C. § 507(a)(8)(A)(iii) grants eighth priority to "claims" of governmental units. Without a "claim," the IRS has no priority rights.

■ In the alternative, or as a "secondary" argument, the debtor contends that because the IRS has already been paid, the debtor may "step into the shoes" of the IRS for the first "short year" tax liability. In other words, the debtor wants the es-

tate to pay her first short year tax liability to the IRS and/or allow her to be subrogated to that right to payment. The IRS claim, however, is satisfied, and no liability on the part of the debtor's estate for the payment of the satisfied claim arises because no "short year" election was made.

■ Subrogation is not an available remedy to the debtor. The doctrine of subrogation enables one who pays the debt of another to stand in the shoes of the latter party and assert whatever rights that party held. *In re Yeargin,* 116 B.R. 621, 622 (Bankr.M.D.Tenn.1990). Subrogation does not exist for a party paying its own debt. *Id.*[3] In this case, the debtor paid her own tax liability.

The court is aware that the debtor contends that the prepetition tax liability is not her debt, but the debt of the estate, but the court disagrees. Absent a § 1398(d) election, the tax liability for 1997 belongs to the debtor and the debtor alone. Therefore, her payment of her own debt does not subrogate her to what the court finds is a nonexistent "right to payment" on behalf of the IRS.

The court concludes that the most appropriate remedy in this case is to overrule the debtor's objection to the trustee's motion to disallow the proof of claim filed by the debtor on behalf of the IRS. The court finds that the IRS has no "right to payment" for a claim already satisfied by the debtor. Furthermore, the debtor cannot be subrogated to any claim the IRS might have had because the doctrine of subrogation is unavailable to a debtor paying her own debt.

Accordingly, the court overrules the debtor's objection to the trustee's motion

2. The debtor filed a priority proof of claim on behalf of the IRS for her 1997 prepetition taxes pursuant to 11 U.S.C. § 507(a)(8)(A)(iii) prior to the bar date for filing proof of claims. The trustee objected to the proof of claim alleging insufficient documentation, and the debtor filed an Amended Proof of Claim reflecting the amounts she had actually paid to the IRS since the filing of the original proof of claim.

3. *See also* 11 U.S.C. § 507(d) which states:

An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), (a)(6), (a)(7) or (a)(9) of the section is not subrogated to the right of the holder of such claim to priority under such subsection.

11 U.S.C. § 507(d) (1999).

to disallow the claim of the IRS, and orders the claim disallowed.

It is, THEREFORE, so ordered.