**Melvyn L. HOFFMAN, Trustee,
Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

No. 90-C-833-C.

United States District Court,
W.D. Wisconsin.

May 2, 1991.

offoffoffoff

Timothy Nettesheim, Milwaukee, Wis., for Melvyn L. Hoffman.

William Chatterton, Madison, Wis., for James B. and Barbara A. Hemker, Linmar, Inc., La Crescent Gas 'N Go, Inc., Gas 'N Go, Inc., Village Chef, Inc., Dominic's Inc., Hemker Oil Co., Black River Enterprises and Goodtime Charlie's, Inc.

Richard D. Humphrey, Asst. U.S. Atty., Madison, Wis., for U.S.

Mary E. Bielefeld, Trial Atty., Tax Div., Washington, D.C., for I.R.S.

## OPINION AND ORDER

CRABB, Chief Judge.

This is an appeal by the United States from a final order of the United States Bankruptcy Court finding that plaintiff-appellee Hoffman was not responsible for the collection and payment of federal payroll taxes under the terms of his order of appointment as trustee in bankruptcy proceedings. The United States contends that the bankruptcy court lacked jurisdiction to hear the trustee's motion for declaratory relief because the essence of the motion was a controversy concerning federal taxes brought against the United States. According to the United States, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti–Injunction Act, 26 U.S.C. § 7421, bar the courts from granting declaratory judgment with respect to federal taxes, and the doctrine of sovereign immunity bars suits against the United States except with its consent.

I conclude that the United States is correct: that Hoffman's motion raised a matter concerning federal taxes, and that the bankruptcy court lacked jurisdiction to en-tertain it. Therefore, the matter will be remanded to the bankruptcy court with instructions to vacate the ruling and dismiss the action for lack of jurisdiction.

The bankruptcy court's factual findings are supported by the record. I have summarized them as follows.

## FACTS

In April 1984, Paul Hemker filed Chapter 11 proceedings in bankruptcy covering himself and various businesses. For the next two and one-half years he failed to file schedules, disclose records, develop a plan or pay taxes. In July 1984, James Kerkman, a revenue officer for the Internal Revenue Service, began to monitor the current tax deposits and returns of Hemker and his businesses. In April 1985, Kerkman asked the IRS special procedures staff to request the United States Attorney to move for conversion or dismissal of the bankruptcy proceeding. The request was granted, but the motion was denied by the bankruptcy court in April 1986.

In October 1986, the United States Attorney moved again for a conversion or dismissal of the Chapter 11 cases, but the debtors and several major creditors persuaded the bankruptcy court that a conversion would only reduce the liquidation value of the businesses and put their employees out of work and that appointment of a trustee would be preferable. The debtors agreed to grant the IRS the right of automatic conversion of the Chapter 11 proceeding to a Chapter 7 proceeding should they fail to pay their taxes weekly. The creditors present at the hearing agreed that plaintiff Melvyn Hoffman should be appointed as the trustee, although he had no prior experience as a trustee and was not present at the hearing.

The bankruptcy court entered an order appointing plaintiff Hoffman, which reads in pertinent part as follows:

1. The motion of the United States of America to dismiss or convert this case is hereby denied. Provided, however, each of the debtors are ordered to make all required tax and withholding payments

by deposit on a weekly basis.... In the event that any such payment is not timely made, these cases shall be automatically converted from Chapter 11 proceedings to Chapter 7 proceedings following Twenty (20) days written notice to all creditors.

\* \* \* \* \* \*

3. Each of the debtors is hereby ordered to file schedules of assets and liabilities and a statement of affairs within Forty-five (45) days of October 28, 1986 ...

4. Each of the debtors is hereby ordered to file a plan of reorganization within Ninety (90) days of October 28, 1986....

5. The debtors shall prepare and file monthly operating statements ...

\* \* \* \* \* \* .

8. A trustee is hereby appointed for each of these cases. The duties of the trustee shall be to supervise the operation of the debtors' businesses, to oversee the debtors' bank accounts, to review this matter in its entirety and to provide current and updated information to creditors, both secured and unsecured. The trustee shall not be responsible for preparing and filing schedules of assets and liabilities, statement of affairs, a plan, or monthly operating statements.

Hoffman began performing his duties immediately. He established the debtors' bank accounts, studied the debtors' operation, arranged for appraisals, sold the debtors' business assets, reported the results to creditors, administered pending lawsuits and completed other tasks. He left the management of the Hemker businesses to Paul Hemker.

In supervising the debtors' bank account, Hoffman ensured that sufficient funds existed to pay each check before he signed it. He was the only signatory. Paul Hemker could not withdraw money from the accounts on his own signature. However, Paul Hemker decided whom to pay and when and he completed the checks and paid all the bills. With respect to the trust fund taxes, Hemker collected the cash, filled out the government forms, wrote the checks and deposited the funds with the bank. Plaintiff Hoffman merely ensured that sufficient funds existed to cover the checks deposited in the payroll tax account.

In January 1987, IRS agent Kerkman noticed the debtors' payroll tax liability had increased. Despite this indication that the conditions for automatic conversion had been met, the United States did not attempt to invoke this remedy. Kerkman informed plaintiff Hoffman repeatedly of the debtors' delinquent payroll taxes and threatened to assess Hoffman with penalties equal to 100% of the payroll taxes owed by debtors.

At the end of 1987, Hoffman began to convert and dismiss the debtors' cases. On March 31, 1988, the IRS assessed $44,882.09 in penalties against Hoffman for the debtors' unpaid payroll taxes. Hoffman protested the assessments on the grounds that the appointment order made Paul Hemker responsible for the collection and payment of these taxes.

In August 1988, plaintiff Hoffman advised the IRS that funds were available from which the taxes might be paid if the IRS filed a proof of claim. The IRS took the position that all post-petition administrative claims would be aggregated and any payments received by the estate would be applied first to the earliest taxes. This would allow the IRS to continue to proceed against Hoffman under 26 U.S.C. § 6672. Subsequently, the IRS assessed Paul Hemker for the 6672 penalty, which Hemker accepted without contest.

Plaintiff Hoffman filed a complaint for declaratory relief with the bankruptcy court on January 26, 1989, seeking a determination of his responsibility for the debtors' payroll taxes under the terms of the bankruptcy court's order appointing him as trustee.

In addition to the facts found by the bankruptcy court, the record shows that all of the Chapter 11 cases were converted to Chapter 7 cases during the latter part of 1987 and in 1988. The record shows also that plaintiff Hoffman asked in his complaint that the bankruptcy court declare

that the IRS is bound by the terms, conditions and provisions of the appointment order of the bankruptcy court; that the debtors are responsible for all employment taxes due with respect to the debtors' businesses; that the trustee is intended to monitor the debtors' compliance with uncompleted bankruptcy schedules, statements and reports, not including employment tax reports, to provide relevant information to the creditors, to preserve assets and to provide direction for the future of the cases; that the trustee is not responsible for withholding and paying over the debtors' employment taxes; that the trustee has performed his duties, obligations and responsibilities in accordance with the terms of the appointment order and to the extent that he has paid or may be required to pay any portion of the 100% penalty, he shall be reimbursed for such payment as a Chapter 7 administrative expense of the estate. Hoffman asserted jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157, alleging that the case was a core proceeding under § 157(b)(2)(B) and (O).

## OPINION

■ The parties see this case through different prisms. The government characterizes plaintiff Hoffman's motion for declaratory relief as raising matters outside the bankruptcy court's jurisdiction because the essence of the relief sought was a determination that Hoffman was not a responsible person for collecting and paying employment taxes under 26 U.S.C. § 6672. Hoffman (and the bankruptcy court) view the complaint as a fairly routine motion for clarification of the bankruptcy court's appointment order, coupled with a request to recognize Hoffman's entitlement to a post-conversion administrative expense claim under 11 U.S.C. § 105. At first glance, Hoffman's view is a plausible one. What makes it implausible and ultimately unconvincing is Hoffman's failure to establish any need for clarification within the context of the bankruptcy proceeding. He can show no purpose for the adversary proceeding other than to relieve him of personal responsibility for the employment taxes.

Hoffman has pointed to no evidence that would support a need for clarification of his responsibilities as trustee in order to carry out his duties in the bankruptcy court. There is no showing that he filed an administrative claim against the estate for the amount of the 100% penalty or that he needed clarification of the appointment order for the purpose of paying the administrative expense claim filed by the United States. By January 26, 1989, the businesses were in liquidation, the cases had essentially been closed, and there was little for Hoffman to do.

■ The bankruptcy court was correct in holding that as a general rule it has authority to interpret its own orders. 11 U.S.C. § 105 authorizes bankruptcy courts to "issue any order, process, or judgment." By implication that would include the power to interpret any order. But the statute adds that the authority extends only to such orders that are "necessary or appropriate to carry out the provisions of this title." In this case, there was no need to interpret the appointment to carry out any provisions of the code. Hoffman had no need as trustee for the relief he was seeking.

Hoffman argues that he needed clarification of the appointment order because he was not present at the hearing at which he was appointed. This is unlikely; he had been serving as trustee for nearly two and one-half years before he sought clarification and by that time he had no duties other than to pay the administrative claims in the order of their priority under the Bankruptcy Code. He argues also that he needed a determination whether he should comply with the withholding requirements and pay the withheld amounts not deposited in the past. However, collection and payment of the withholding taxes was a moot point in January 1989, because the businesses had been liquidated and the government had filed uncontested proofs of claim. Hoffman had no discretion but to pay the claims in order of priority.

Hoffman's concern over the meaning of the appointment order went to his personal liability for the § 6672 responsible person liability. However, Hoffman was not a

party to the bankruptcy proceeding in his individual capacity; he had no controversy with the bankruptcy estate or with any of the estate's creditors over an asset of the estate. He is not a debtor. His liability is wholly separate and distinct from any liability of the debtor businesses. His motion was exactly what the United States says it was: a request for declaratory relief against the United States, related to federal income taxes. Such requests are outside the scope of the federal courts' jurisdiction. *See* the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides

> (a) In a case of actual controversy, within its jurisdiction, *except with respect to Federal taxes* . . . any court of the United States . . . may declare the rights and legal relations of any interested party seeking such declaration, whether or not any further relief is or could be sought. [Emphasis added.]

The Supreme Court has held that the federal tax exception to the Declaratory Judgment Act "is at least as broad as the Anti–Injunction Act," and like the Anti–Injunction Act, reflects the "congressional antipathy for premature interference with the assessment or collection of any federal tax. . . ." *Bob Jones University v. Simon*, 416 U.S. 725, 732 n. 7, 94 S.Ct. 2038, 2044 n. 7, 40 L.Ed.2d 496 (1974).

Hoffman argues that he did not seek to restrain the collection or assessment of the § 6672 penalty by bringing the adversary action in bankruptcy court, but he can point to no other valid reason for bringing the action. If the action were not intended to produce a ruling on his § 6672 liability, it was a purposeless action and presented no case or controversy for determination by the bankruptcy court.

Hoffman's recourse is to pay all or a portion of the penalty assessed against him and to sue for a refund in federal district court. If he does, he will have a forum in which to raise the arguments for non-responsibility he makes in his appeal brief. However meritorious those arguments may

be, they are irrelevant to the merits of this appeal. Hoffman's tax liability cannot be determined, directly or indirectly, in bankruptcy court because he is not a debtor, so as to make 11 U.S.C. § 505 applicable, and as a non-debtor he is barred by both the Declaratory Judgment and the Anti–Injunction Acts.

■ I turn next to the bankruptcy court's denial of the United States' motion to dismiss for failure to state a claim that portion of plaintiff's complaint seeking indemnification and reimbursement from the estate for any liability incurred by the trustee pursuant to § 6672. Because the claim was not ripe (Hoffman did not allege he had paid the penalty for which he sought reimbursement) and the law is clear that the personal liability imposed upon an individual taxpayer under § 6672 is separate and distinct from that imposed upon the employer under 26 U.S.C. § 3403, and a trustee is not entitled to indemnification or reimbursement from the bankruptcy estate for penalties paid under § 6672, the motion to dismiss should have been granted. *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186, 1191 (7th Cir.1989); *Monday v. United States*, 421 F.2d 1210, 1218 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970); *In re FJS Tool & Mfg. Co.*, 88 B.R. 866, 870 (Bankr.N.D.Ill. 1988).

### ORDER

IT IS ORDERED that the August 3, 1990 order of the United States Bankruptcy Court is REVERSED and this case is REMANDED to the bankruptcy court with instructions to vacate the order and dismiss the complaint of Melvyn L. Hoffman, Trustee.