Alfred M. SINDER, Plaintiff-Appellant, Cross-Appellee,

v.

UNITED STATES of America, Defendant-Appellee, Cross-Appellant,

and

Angelo Ventrone, Third-Party Defendant-Appellee.

Nos. 79–3193, 79–3194.

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1981.

Decided Aug. 4, 1981.

Irvin H. Harlamert, Jr., Dayton, Ohio, for plaintiff-appellant, cross-appellee.

Vicki G. Cheikes, Robt. Bernstein Tax Division, U. S. Dept. of Justice, M. Carr Ferguson, Gilbert E. Andrews, Libero Marinelli, Jr., Washington, D. C., William R. Martin, Asst. U. S. Atty., Dayton, Ohio, for defendant-appellee, cross-appellant.

Before LIVELY and KENNEDY, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant Sinder appeals the decision of the District Court that he is a responsible party liable for Republic Communications, Inc.'s unpaid employees' withholding taxes for the first quarter of 1971. The Internal Revenue Service assessed a tax deficiency against Sinder for failure to pay over taxes withheld from employees' wages during the fourth quarter of 1971 and the first quarter of 1972. Sinder made a partial payment for each quarter and sued for a refund. The government counterclaimed for the remainder of the taxes owing. Sinder sued third-party defendant Ventrone for the amount owing as unpaid taxes.

The District Court found that Sinder was a responsible party for the first quarter for 1972 and thus was liable under 26 U.S.C. § 6672 for the failure to pay over the withheld taxes on wages for the first quarter of

1972 to the government. It found by a preponderance of the evidence that at no time during the last quarter of 1971 did he exercise any control over Republic's business. Further, it held that there was no evidence to establish that when Sinder had control in 1972, Republic had funds with which to pay back taxes owing from last quarter 1971. It held that the government had the burden of proving Sinder was a responsible party and in the absence of evidence of available funds it failed to meet its burden of proof. Sinder was therefore not liable for the unpaid taxes from 1971. As there is no right of indemnity or contribution under § 6672, Sinder's claim against Ventrone was dismissed.

Sinder appeals the District Court's judgment insofar as it holds him liable for the taxes unpaid in 1972 and dismisses his third-party claim against Ventrone. The government appeals the holding that it had the burden of proving Sinder was a responsible party for 1971 and that it failed to meet its burden.

■ When a party pays part of the penalty existing for failure to pay withheld taxes and the government counterclaims for the remainder of the refund, the taxpayer has the burden of proving that the assessment was wrong. The assessment is presumed to be correct. Therefore, the taxpayer has the burden of showing that he was not a responsible party on both the refund claim and the counterclaim. *See Fidelity Bank, N.A. v. United States,* 616 F.2d 1181, 1186 (10th Cir. 1980); *Bolding v. United States,* 565 F.2d 663, 672 (Ct.Cl. 1977); *Anderson v. United States,* 561 F.2d 162, 165 (8th Cir. 1977); *Kiesel v. United States,* 545 F.2d 1144, 1146 (8th Cir. 1976) (per curiam); *Liddon v. United States,* 448 F.2d 509, 513–14 (5th Cir. 1971), *cert. denied,* 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117 (1972); *Psaty v. United States,* 442 F.2d 1154, 1159–60 (3d Cir. 1971); *Lesser v. United States,* 368 F.2d 306, 310 (2d Cir. 1966) (en banc).

Sinder admits in his brief that the taxpayer has the burden of proving he was responsible on a counterclaim. He cites *United States v. Molitor,* 337 F.2d 917 (9th Cir. 1964). That case states that the Commissioner may merely submit the assessment to make a prima facie case. But if the taxpayer shows the assessment was not correct, the burden shifts back to the government to maintain and establish the correctness of the assessment. Sinder would characterize this as a burden of producing evidence that shifts to the taxpayer. He argues he did come forward with evidence that he was not responsible and the government must then prove the assessment was correct. However, the burden on the taxpayer is not merely a burden of producing evidence; it is a burden of persuasion by the preponderance of the evidence that the assessment is not correct. Only if that is shown must the government show, on its counterclaim, what the correct assessment is. *See Higginbotham v. United States,* 556 F.2d 1173, 1175 (4th Cir. 1977).

■ In the present case, the District Court found by the preponderance of the evidence that Sinder was not a responsible party for the last quarter of 1971 with respect to exercising control over Republic during that quarter but was a responsible party for the first quarter of 1972. As this Court cannot find these findings to be clearly erroneous, they must be upheld. Rule 52(a), Fed.R.Civ.Pro. As a matter of law, then, because of the burden of persuasion, Sinder has met his burden establishing absence of control for the last quarter of 1971 but failed to meet his burden for 1972 and thus is responsible for the taxes owing for the first quarter of 1972.[1] There remains the question of whether or not Sinder, who was a responsible party for first quarter 1972, should, while in control, have paid in 1972 the back taxes owing for last

---

1. The District Court erroneously held the government had the burden of proving Sinder was a responsible party. Normally, a reversal might have been required. But here, the District Court also made factual findings about the preponderance of the evidence. Thus, this Court can apply the legal consequences to the District Court's factual findings without remanding.

quarter 1971. The District Court reserved this question while this Court decided *Slodov v. United States*, 552 F.2d 159 (6th Cir. 1977). The District Court reconsidered this issue when this Court was reversed by the Supreme Court, *see* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). The District Court, based upon the rationale of *Slodov*, found for Sinder on this issue as there was no evidence from which a determination could be made that at the time Sinder took control there were funds directly traceable to funds withheld for employee income taxes.

Using a strict analysis of the burden of proof, the adverse consequences from the lack of evidence should have been borne by Sinder, not the government, as Sinder has the burden of proving he was not responsible for paying over the withheld taxes for the previous quarter. However, when the parties in this case were presenting proof on the issue of responsibility, *Slodov* had not been decided by either this Court or the Supreme Court. Therefore, this Court remands to the District Court to give the parties the opportunity of presenting evidence on this issue and instructs the District Court to place the burden of persuasion upon Sinder to prove that while he had control in 1972, Republic did not have funds impressed with a trust under 26 U.S.C. § 7501.

Since § 6672 imposes joint and several liability on each responsible person, and each responsible person can be held liable for the total amount of withholding not paid, *see Brown v. United States*, 591 F.2d 1136, 1142 (5th Cir. 1979), and in the absence of legislation, there is no right of contribution between tortfeasors, *see Texas Industries, Inc. v. Radcliff Materials, Inc.*, —— U.S. ——, ——, 101 S.Ct. 2061, 2066, 68 L.Ed.2d 500 (1981); *Halcyon Lines v. Haenn Ship Ceiling and Refitting Corp.*, 342 U.S. 282, 285–86, 72 S.Ct. 277, 279–80, 96 L.Ed. 318 (1952), the cross-claim against Ventrone was properly dismissed.

The decision of the District Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.