Clarence Allen RICE, Third-party Plaintiff,

v.

William L. PEARCE, Third-party Defendant.

Civ. No. 79–317–C.

United States District Court, S.D. Iowa, C.D.

June 13, 1983.

James R. Monroe, Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, Iowa, for third-party plaintiff.

Henry J. Haugan, West Des Moines, Iowa, for third-party defendant.

### RULING AND ORDER

STUART, Chief Judge.

The above-entitled matter came on for evidentiary hearing on March 29, 1983 at 1:30 p.m. Clarence Allen Rice, third-party plaintiff, appeared in person and with counsel, James R. Monroe. The third-party defendant, William L. Pearce, appeared in person and by his attorney Henry J. Haugan. The stipulation of facts and attached exhibits filed May 10, 1982 are, by this reference, made a part hereof as if set out in full.

From December 13, 1966 until Troika ceased doing business in July of 1977 Rice served as president, chairman of the board and chief executive officer for that corporation. Pearce was a member of Troika's board of directors for the same period.

In later 1978 the Internal Revenue Service assessed a tax liability in the amount of $12,048.08 against Troika, which represented a one-hundred percent penalty with respect to federal employment taxes withheld from the wages of Troika which were not paid over to the United States. On March 15, 1982 Judgment for $10,258.38 plus interest was entered in favor of the United States and against Rice based on the aforementioned penalty. Rice now seeks to recover $2,374.00 from Pearce on the theory of contribution. Two issues are involved. First, whether Pearce was a "responsible person" and second, if Pearce is a responsible person, is there a right of contribution?

## FINDINGS OF FACT

Pearce, an employee of Northwestern Bell, was not involved in the day-to-day operation of Troika. However, as a member of the board of directors and as he was frequently in the Troika business office in connection with his employment with Northwestern Bell, he was aware that Troika was in financial difficulty and unable to pay its creditors. He knew that there was a large federal tax liability that could not be paid. He also knew that weekly payments were made to the Internal Revenue Service and Northwestern Bell. The board of directors, including Mr. Pearce, instructed Mr. Rice to pay the creditors that might otherwise force Troika to discontinue operation. IRS and Northwestern Bell permitted Troika to make weekly payments on their past due obligations.

As a member of the board of directors, Pearce received monthly financial statements which listed Troika's liabilities including federal income tax withheld, FICA taxes withheld and accrued, and federal unemployment taxes accrued.

The Court finds that Pearce knew of these federal tax liabilities and in his capacity as a member of the board of directors joined in instructing Rice to pay a sufficient amount to creditors whose services were essential to the operation of the business so that the business could continue to operate, even though he was aware of the federal tax obligations of Troika.

## CONCLUSION OF LAW

■ The liability imposed by section 6672 is a tax designed to provide the government a means by which to collect from the employer those taxes which it withheld and should have paid over. *Emshwiller v. United States*, 565 F.2d 1042 (8th Cir.1977); *Anderson v. United States*, 561 F.2d 162 (8th Cir.1977); *Hartman v. United States*, 538 F.2d 1336 (8th Cir.1976). Under section 6672, two elements must exist for there to be liability. First, the person to be held liable must be one who is required to collect, account for, or pay over the taxes. Second, that person must be willful in his failure to discharge that responsibility. *Emshwiller v. United States*, *supra*. There may be more than one person with this responsibility. A responsible person is usually an officer or an employee of a corporation who has "significant, albeit not necessarily exclusive, authority in the field of corporate decisionmaking and action where taxes due the federal government are concerned; but he need not be an actual disbursing officer." *Hartman v. United States*, *supra*, at 1340. The test for responsibility is whether the person in question had control over the disbursements of the employer, whether that control be exercised exclusively or jointly with others. *Anderson v. United States*, *supra*; *Rabedaux v. United States*, 45 AFTR 2d 80–1513 (S.D.Ia.1980). The willfulness which gives rise to liability under section 6672 occurs when the responsible person voluntarily, consciously, or intentionally fails either to collect withholding taxes or having collected them, to see that they are held safe for, and paid over to the government. Such failure need not have been prompted by an evil motive of specific in-

tent to deprive the government of revenue. *Kizzier v. United States,* 598 F.2d 1128 (8th Cir.1979); *Emshwiller v. United States, supra; Hartman v. United States, supra* at 1341; *Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir.1970) *cert. denied* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). It is a willful act under § 6672 "when persons responsible for the taxes of a corporation in financial difficulty make conscious decisions to use the withheld taxes to pay business creditors." *Bloom v. United States,* 272 F.2d 215 (9th Cir.1959) *cert. denied* 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960). When a responsible person knows that employment taxes are delinquent and have not been paid to the government, he acts willfully if he fails to heed these danger signals and fails to take corrective action. *Kalb v. United States,* 505 F.2d 506, 511 (2d Cir.1974).

 The Court concludes under the facts of this case and the law set out hereinabove that Mr. Pearce is a responsible person who willfully failed to discharge his responsibility of seeing that the employment taxes were held for the federal government and paid over to it.

### RIGHT TO CONTRIBUTION

 The Court is of the opinion that, although Mr. Pearce is a responsible person who might have been held jointly and severally liable for the amount due the government under § 6672, Mr. Rice, who was also a responsible person and paid the amount due in full, has no right of contribution from Mr. Pearce. The right of contribution "may arise in either of two ways: first, through the affirmative creation of a right of action by Congress, either expressly or by clear implication; or second, through the power of federal courts to fashion a federal common law of contribution." *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 638, 101 S.Ct. 2061, 2066, 68 L.Ed.2d 500 (1981). In this case there are no allegations that § 6672 expressly authorizes a right of action for contribution, nor is there any claim that such right can be implied from the perti-

nent federal law. Therefore, if Mr. Rice has any right to contribution, that right must arise in federal common law.

 Neither the vesting of jurisdiction in the federal courts nor the judicial determination that Pearce should be jointly and severally liable with Rice give rise to authority for the Court to formulate federal common law in the area of contribution. *Texas Industries, Inc. v. Radcliff Materials, Inc., supra,* at 640 and 646, 101 S.Ct. at 2066 and 2069. Like the anti-trust treble damage actions, joint and several liability under § 6672 does not suggest that the courts may order contribution. "Joint and several liability simply insures that the (government) will be able to recover the full amount of (statutory penalty) from some, if not all, participants." *Texas Industries, Inc. v. Radcliff Materials, Inc., supra,* at 646, 101 S.Ct. at 2069. The federal interest is in insuring that the government collects the taxes due. There is no federal interest in spreading the liability among responsible persons who have acted willfully in failing to see that the taxes due are paid. The Court is of the opinion that no right of contribution between responsible persons exists under the statute, expressly or by implication, and that it is not appropriate for the Court to develop federal common law of contribution in this area. *See Sinder v. United States,* 655 F.2d 729, 732 (6th Cir.1981).

On the basis of the *Sinder* case, Pearce moved for a dismissal of this action orally prior to the evidentiary hearing. The Court submitted motion along with the case on its merits. Although the Court has concluded that the evidence establishes that Mr. Pearce was a responsible person who acted willfully in failing to pay over the federal taxes, the Court is of the opinion that a right of contribution does not exist and that Pearce's motion to dismiss should be sustained.

IT IS THEREFORE ORDERED that Pearce's Motion to Dismiss should be and it is hereby sustained and the Clerk of the Court is authorized and directed to enter

Judgment in favor of Pearce and against Rice for the costs of this action.