**William W. BUSSEY, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant and Counterclaim Plaintiff,**

v.

**Robert O'BRIEN, Counterclaim Defendant.**

**No. 1:90–cv–713.**

United States District Court, W.D. Michigan, S.D.

June 5, 1992.

N. Stevenson Jennette, III, Kaplin S. Jones, and Matthew V. Piwowar, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for William W. Bussey, Jr.

Agnes M. Kempker–Cloyd, U.S. Asst. Atty., John A. Smietanka, U.S. Atty., Grand Rapids, Mich., and Mark D. Lansing, U.S. Dept. of Justice, Tax Div., Washington, DC, for the U.S.

William Nasser, pro se.

## OPINION DENYING MOTION FOR SUMMARY JUDGMENT

HILLMAN, Senior District Judge.

### I. *Background.*

This is an action brought by a taxpayer, William W. Bussey, Jr. ("plaintiff") for abatement of a tax assessment and for refund of monies already paid toward the assessment. The Internal Revenue Service ("IRS") assessed the penalty tax against plaintiff for employee withholding taxes which a company with which plaintiff was associated collected from its employees but failed to remit to the IRS. Presently before the court is the United States' motion for summary judgment on the issue of plaintiff's liability for the unremitted taxes under 26 U.S.C. Section 6672.

## II. *Facts.*

On November 12, 1980, plaintiff and three other individuals, William Nasser, Robert O'Brien, and Patrick Garzelloni, incorporated West Michigan Restauranteurs, Inc. ("the corporation"). Plaintiff and Nasser each received 25 shares of corporate stock, O'Brien received 20 shares of stock, and Garzelloni received 16 shares. Plaintiff took the title of President, Nasser and O'Brien each took titles of Vice-President, and Garzelloni took the title of Secretary/Treasurer. Each of the four individuals was also a member of the board of directors.

During November and December of 1980 the corporation started a restaurant known as Caspar McFarland's. The restaurant ran into financial difficulties almost immediately. While the corporation paid its employee withholding taxes to the IRS for the last quarter of 1980, it failed to do so for any subsequent quarters of its operation, that is, the four quarters of 1981. On October 19, 1981 the corporation filed Chapter 11 bankruptcy papers. Even after the bankruptcy filing, the corporation failed to pay its employee withholding taxes for the first quarter of 1982. Plaintiff retained his title of President throughout this period, and also remained a director and shareholder. On July 4, 1988, the IRS assessed plaintiff a 100 percent penalty in the amount of $45,070.12, pursuant to 26 U.S.C. Section 6672 for all quarters of 1981 and the first quarter of 1982.

## III. *Analysis.*

### A. Summary Judgment Standard.

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The crux of summary judgment is determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In making this determination, the court must examine the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■ The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153–54 (6th Cir.1990). If the moving party demonstrates there is an absence of evidence supporting the non-moving party's case, the party opposing the motion must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356; *Kramer*, 912 F.2d at 153–54. To sustain this burden, the non-moving party cannot rest on the mere allegations of the pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; Fed.R.Civ.P. 56(e). Rather, the non-moving party must come forward with specific facts to support its claims and show there is a genuine issue for trial. *Id.*

■ In recent years, the Supreme Court has encouraged the use of summary judgment where appropriate to ensure just, speedy, and efficient determinations in each case. *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2554 (1986); *Daughenbaugh v. Bethlehem Steel Corp.*, 891 F.2d 1199, 1205 (6th Cir.1989). The Sixth Circuit has recognized that the federal courts have entered a "new era" in summary judgment practice. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478–81 (6th Cir.1989). As a result, mere allegations in support of the non-moving party are inadequate because "the mere existence of a scintilla of evidence in support of the positions will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512; *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989).

## B. Liability under Section 6672.

■ The Internal Revenue Code ("the Code") requires employers to withhold social security taxes and income taxes from the wages of employees. 26 U.S.C. §§ 3102(a) and 3402(a). Once an employer collects these taxes the employer holds them in trust for the government. 26 U.S.C. § 7501. The government has the exclusive right to use these "trust fund taxes;" the employer may not use them to pay the employer's business expenses, wages, or for any other purpose. *Gephart v. United States*, 818 F.2d 469, 472 (6th Cir.1987).

■ In order to protect the government's interest in the trust fund taxes when an employer fails to remit them to the government, the Code provides that the United States may impose a penalty, up to the full amount of the taxes, upon certain individuals. It states that

> [a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, ... shall ... be liable to a penalty equal to the total amount of the tax ... not accounted for and paid over.

26 U.S.C. § 6672(a).

An individual's liability under Section 6672 requires the existence of two factors. First, the person must be a "responsible person" under Section 6672, that is, a person required to collect and pay over the withheld taxes. Second, the person must have "willfully" failed to pay over the withheld taxes. *Gephart*, 818 F.2d at 473.

■ The Code defines the term "person" to include "an officer or employee of a corporation, ... who as such officer [or] employee ... is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b). The Sixth Circuit applies a functional test for determining whether a person fits the definition of "responsible person" within the meaning of Section 6672, focusing upon the degree of influence and control which the person exercised over the financial affairs of the corporation and, specifically, disbursements of funds and the priority of payments to creditors. *Id.*

The person's status as an officer of the corporation, while an important factor, does not control the analysis. Other factors include

> (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors, and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; [and] (5) the identity of the individuals who were in control of the financial affairs of the corporation.

*Id.*

Plaintiff asserts that the functional test is based on the actual exercise of authority, relying on *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir.1981). I disagree with this characterization of the test. The thrust of the factors set forth in *Gephart* is that the person possesses the necessary authority, not that he simply chooses to exercise it. While some language in *Sinder* could be read to support plaintiff's position, I do not read the opinion as supporting that proposition. *Sinder* dealt primarily with allocation of burdens of proof rather than with issues of how to determine whether someone is a "responsible person." The position plaintiff espouses would run directly contrary to the language of the Code, which provides that the penalty may be assessed against a responsible person who simply "fails to collect" the taxes, i.e., who does not actually exercise the authority he possesses. 26 U.S.C. § 6672. *See also Thomsen v. United States*, 887 F.2d 12, 19 (1st Cir.1989) (responsible persons cannot shield themselves from liability by delegating the responsibility to others).

The assessment is presumed correct. *Sinder*, 655 F.2d at 731. The taxpayer must prove, by a preponderance of the evidence, that he does not owe the tax assessed by the government. *Collins v. United States*, 848 F.2d 740, 742 (6th Cir. 1988).

The United States asserts that plaintiff's position as president, director, and shareholder of the corporation, together with his activities of signing some checks on behalf of the corporation, personally guaranteeing a loan to the corporation, and signing the bankruptcy petition, disposes of the issue of whether plaintiff is a "responsible person" within the meaning of the Code. I agree that, in any normal situation, these facts would suffice to establish that plaintiff is a "responsible person."

However, plaintiff has presented evidence which could support a finding that the other officers had shut him out of control of the corporation, denied him access to the books, and actively hid from him the fact that the corporation was not paying over the withholding taxes. This evidence could establish that plaintiff did not, in fact, possess the authority over the finances of the corporation that would normally accompany the position he occupied. *See O'Connor v. United States,* 956 F.2d 48, 51 (4th Cir.1992); *Harrington v. United States,* 504 F.2d 1306, 1313 (1st Cir. 1974) (one who is founder, chief stockholder, president, and member of board of directors is rebuttably presumed responsible, but can avoid liability by making affirmative showing of lack of actual authority). Accordingly, I conclude that summary judgment should not be granted to the United States on the issue of whether plaintiff is a person required to collect and pay over withholding taxes under Section 6672.

 The evidence plaintiff presents also requires the court to deny the United States' motion for summary judgment with respect to the issue of whether plaintiff "willfully" failed to pay over the withholding taxes. In the Sixth Circuit, the willfulness requirement is satisfied if a "responsible person had knowledge of the tax delinquency and knowingly failed to rectify it when there were available funds to pay the government," or when the person recklessly disregarded an obvious or known risk that the taxes were not being paid over. *Gephart,* 818 F.2d at 475. *See also McDermitt v. United States,* 954 F.2d 1245 (6th Cir.1992). Negligence is not enough. *Gephart,* 818 F.2d at 475. If plaintiff is not a "responsible person," then he cannot be "willful" within the meaning of the Code because the definition of "willfulness" incorporates the definition for "responsible persons." As discussed above, there is a genuine issue of fact regarding whether plaintiff is a "responsible person." This issue, alone, would preclude a finding that plaintiff was "willful" as a matter of law. In addition, even if plaintiff is found to be a "responsible person," the evidence plaintiff presents could support a finding that he did not know of the tax delinquency nor was reckless regarding the possibility of a tax delinquency. Accordingly, summary judgment will not be granted on the issue of plaintiff's alleged willfulness in failing to pay over the withholding taxes.

## IV. *Conclusion.*

In sum, the United States' motion for summary judgment will be denied because plaintiff has sustained his burden of producing evidence sufficient to support a finding that he was not a "responsible person" within the meaning of 26 U.S.C. Section 6672, and that he did not "willfully" fail to pay over the withholding taxes.