**In re Maurice Lee NEAL and Denise Rose Neal, individually and formally known as Neal's Detective Agency, Debtors.**

**No. 2:94 cv 76 JM.**

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 25, 1994.

Robin W. Morlock, Asst. U.S. Atty., Dyer, IN, Gerald H. Parshall, Jr., U.S. Dept. of Justice, Washington, DC, for U.S. and I.R.S.

Gordon E. Gouveia, Gouveia and Miller, Merrillville, IN, for Maurice Lee Neal and Denise Rose Neal.

---

## ORDER

MOODY, District Judge.

Peay's Detective Agency failed to pay over withholding taxes to the United States for eight quarters between 1982 and 1985. The United States assessed the full delinquent amount against Denise Neal. *See* 26 U.S.C. § 6672(a).[1] Neal, who was in bankruptcy, petitioned the bankruptcy court to determine the extent of her liability. *See* 11 U.S.C. § 505 (bankruptcy court empowered to determine debtor's tax liabilities). The bankruptcy court conducted an evidentiary hearing and determined that Neal became responsible, for § 6672(a) purposes, in April, 1984. It concluded that Neal was liable only for the delinquent taxes from the second quarter of 1984 and the first and second quarters of 1985. The United States appeals, pursuant to 28 U.S.C. § 158(a), asking that Neal's liability be extended to the entire amount of Peay's delinquencies. The bankruptcy court's order is hereby **REVERSED**. Final judgement is to be entered as set out below.

### I. *The standard of review.*

A district court "review[s] a bankruptcy court's factual findings for clear error and its legal conclusions *de novo.*" *In re Yonikus*, 996 F.2d 866, 868 (7th Cir.1993). There is no challenge here to the bankruptcy court's factual findings. The court briefly recounts those findings as background before turning to the challenged aspects of the bankruptcy court's legal conclusions.

### II. *The facts.*

Frank Peay, from whom Peay's Detective Agency derives its name and who ran the agency, was Denise Neal's uncle. Neal was an officer of the agency and had check-writing authority prior to 1984. At that time, Neal's participation in the business was ministerial, essentially acting out Peay's wishes. Neal's role changed, however, in April, 1984 when Peay suffered a stroke. She became more involved in the day-to-day operations of the agency, including computation of payroll. She had personal knowledge of the payroll taxes that Peay's owed the United States and she had authority to pay those taxes.

### III. *The law.*

An individual is personally liable under § 6672(a) for withholding taxes not paid over to the government by an employing enterprise where that person was: (1) responsible for paying over the taxes, and, (2) willfully failed to do so. *See United States v. Charlton*, 2 F.3d 237, 239–40 (7th Cir.1993). Neal's responsibility and willfulness are not at issue here *vis-a-vis* Peay's delinquencies for the second quarter of 1984 and the first and second quarters of 1985. The question before the court now is whether the bankruptcy court properly absolved Neal from liability for the amounts of delinquent tax already owing when she became "responsible" in April, 1994.[2]

"[A] new person in control of a failing enterprise may be personally responsible for past withholding tax delinquencies to the extent that the employer corporation had 'funds' or 'liquid assets' at the time of the transfer of control." *The Purdy Co. v. United States*, 814 F.2d 1183, 1191 (7th Cir.1987). The bankruptcy court concluded that there was a lack of evidence with regard to whether Peay's had such funds or liquid assets on hand at the time Neal took control.

---

1. 26 U.S.C. § 6672(a) states, in part, that:
   Any person required to collect, truthfully account for, and pay over any tax imposed by this Title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

2. In her response brief, Neal attempts to call into question the bankruptcy court's determination that she was responsible at all under 26 U.S.C. § 6672(a). Neal never filed a notice of appeal, or cross-appeal, on that or any other issue. Accordingly, the court disregards that portion of Neal's brief. *See* Bankruptcy Rule 8002 (setting 10–day time limit for filing notice of appeal and allowing an additional 10 days for filing notice of cross-appeal); *see also Martin v. Bay State Milling Co.*, 151 B.R. 154, 155 (N.D.Ill.1993) ("Failure to timely file a notice ... divests the district court of jurisdiction over the appeal and mandates dismissal of the appeal.")

As this bankruptcy court has noted before, "[i]t is well established that a presumption of correctness attaches to any federal tax assessment, and the burden rests with the taxpayer to present evidence sufficient to overcome that presumption by countervailing proof." *In re Associated Bicycle Service, Inc.*, 128 B.R. 436, 444 (Bankr.N.D.Ind.1990); *see also United States v. Running*, 7 F.3d 1293, 1297 (7th Cir.1993) (" 'In this circuit, as in others, '[i]t is axiomatic that ... the Commissioner's tax deficiency determinations are to be presumed correct.' ' ") (citation omitted). In this case, the bankruptcy court acknowledged the presumptive correctness of the Internal Revenue Service's assessment, but nonetheless concluded that

> [t]he failure of [Denise Neal] to prove the negative, *i.e.* that there were no trust funds remaining from pre-April, 1984 payroll withholdings in the Bank account of Peay's, Inc. at the time she assumed control in April of 1984, or that [an] account receivable was readily convertible to cash or traceable to trust funds which were available to her to pay prior trust fund tax liabilities when she assumed control in April of 1984 is not suffice, standing alone, to impose liability for those tax periods prior to April of 1984.

*In re Maurice Neal*, No. 90–62015, slip op. at 36–37 n. 3, 1994 WL 791630 (Bankr.N.D.Ind. Feb. 17, 1994). This conclusion was error. The United States presented an Internal Revenue Service assessment of Neal's liability. Neal did not rebut that assessment with countervailing evidence. Straightforward application of the appropriate burdens of production and persuasion require, as a matter of law, judgment for the United States.

■ Although the Seventh Circuit has not squarely been presented with a case like the one at bar, the Sixth Circuit's decision in *Sinder v. United States*, 655 F.2d 729 (6th Cir.1981), presents a compelling example. In that case, the IRS had assessed a penalty against Sinder under § 6672(a) for delinquent taxes from the fourth quarter of 1971 and the first quarter of 1972. *Id.* at 730. The district court found that Sinder had become responsible under § 6672(a) as of the first quarter of 1972. *Id.* at 730–31. It concluded that Sinder was liable only for the first quarter 1972 delinquencies because—as in the case before the bar—there was no evidence of available funds when Sinder became responsible. *Id.* at 731. The Sixth Circuit reversed, holding that

> the adverse consequences from the lack of evidence should have been borne by Sinder, not the government, as Sinder has the burden of proving he was not responsible for paying over the withheld taxes for the previous quarter.

*Id.* at 732. As noted, it is axiomatic that the taxpayer must come forward with convincing evidence to defeat a federal tax assessment. *See Running*, 7 F.3d at 1297. If it were not clear before, certainly *Sinder*—whose facts so resemble this case—should have alerted Neal and her lawyer of the requirement that they present positive and convincing evidence at Neal's hearing with regard to assets on hand when Neal's role at the agency changed. It is Neal who must now bear the consequence of their failure to offer such evidence.

The bankruptcy court called the issue of Neal's liability for the quarters before she became responsible "the most difficult and perplexing" in the case. Perhaps the bankruptcy court's decision was motivated by the apparent inequity of imposing liability on Neal when Peay's may not have had any liquid assets for her to pay over to the United States when she assumed control. However, Neal passed on the opportunity to show that Peay's lacked such assets. Moreover, the decision to impose the IRS penalty does not present a question in equity, but rather a clear matter of law. Neal failed to carry her burdens. She must bear the consequences of that failure. To the extent that it denied the United States the benefit of the presumption the law accords it in matters of tax assessment, the bankruptcy court erred and its judgment is **REVERSED**. The clerk is **ORDERED** to enter judgment in favor of the United States for the amounts listed in the IRS assessment that were not covered by the bankruptcy court's order, a copy of which is

attached here as Exhibit 1.[3]  The clerk's judgment is to read as follows:

> The judgment of the bankruptcy court in this matter is REVERSED to the extent that it holds Denise Neal not liable for taxes withheld by Peay's Detective Agency but not paid over to the United States Internal Revenue Service.  Denise Neal is liable to the United States for the full amount of the United States' tax assessment against her for the fourth quarter 1982 and the second, third and fourth quarters of 1983, that is $16,024.78.

**SO ORDERED.**

3. The United States raises other issues in its brief.  Because the bankruptcy court's misallocation of the burdens of production and persuasion are dispositive, the court does not reach those issues.

35÷/00

# Request for 100-Percent Penalty Assessment

ection 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

| ame and address of responsible person | TDA/TDI assignment code |
|---|---|
| Denise Cunningham Neal<br>1204 West 35th Avenue<br>Gary, IN  46408 | 3501-1704 |

**Social Security Number**

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

**Date earliest assessment statute expires**

05-23-86

**Amount of penalty assessed**

**Assessment date**

**Identifying number**

### Type of Assessment ("x" appropriate box)

[X] Regular    [ ] Quick    [ ] Prompt    [ ] Jeopardy

[ ] Form 53 prepared (Attach part 2 of Form 53)

The penalty to be assessed is equal to the unpaid trust fund portion of the outstanding tax assessment(s) described below.

| ame and address of employer or collection agency | Employer identification number |
|---|---|
| Peays Detective Agency Inc.<br>1080 Roosevelt Street<br>Gary, IN  46404 | 35-1161952 |

### Description of Liability

| Tax Form | Period Ended | Unpaid Balance | Trust Fund Portion of Outstanding Balance |
|---|---|---|---|
| 941 | 8212 | $ 476.04 | $ 476.04 |
| 941 | 8306 | 5,271.32 | 4,053.01 |
| 941 | 8309 | 8,259.76 | 5,765.96 |
| 941 | 8312 | 8,645.45 | 5,729.77 |
| 941 | 8406 | 370.13 | 370.13 |
| 941 | 8409 | 281.50 | -0- |
| 941 | 8503 | 8,937.93 | 5,504.43 |
| 941 | 8506 | 8,785.00 | 5,673.37 |

otal trust fund portion outstanding to be assessed    ▶ $ 27,572.71

### Related Assessments (Name, address, and SSN for each taxpayer)

[ ] Case in Appeals    [ ] Form 53 prepared

Frank W. Peay, Sr.
2168 Taft Street
Gary, IN  46404

SSN 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

[ ] Case in Appeals    [ ] Form 53 prepared

EXHIBIT 1

[ ] No related assessments

| Signature of Revenue Officer  *William D. Carr*<br>William D. Carr | Initiator's TDA/TDI assignment code<br>3501-1704 | Date<br>10-11-85 |
|---|---|---|

**SPf Review** (if applicable)

| Signature of Reviewing Officer | | Date |
|---|---|---|

00005

2740

Department of the Treasury — Internal Revenue Serv