[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12366
Non-Argument Calendar
_____

BIA No. A79-433-272

EDMOND CENOLLI,


                                                        Petitioner,


                          versus


U.S. ATTORNEY GENERAL,


                                                        Respondent.



_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 29, 2006)**

Before TJOFLAT, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Edmond Cenolli, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' ("BIA") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Cenolli challenges the BIA's denial of his claims and also argues that he was denied a fair review of his appeal from the Immigration Judge's ("IJ") decision. For the reasons set forth more fully below, we deny the petition.

Cenolli, a member of the opposition democratic party, alleged persecution by the police and members of the socialist party on account of political opinion. Cenolli testified that the only problem he had in Albania occurred during the June 24, 2001 election. He explained that, during the election, he was an observer for the democratic party and, while waiting in line to vote, a socialist party member approached him and tried to convince him to change his vote. When he refused, the socialist party member called two members of the police, who hit and kicked him. Cenolli left Albania the next day.

In addition to this incident, Cenolli testified that his father, a party member and local spokesman, was arrested three times by the police and socialist party supporters because of his support for the democratic party. On October 19, 1998, his father was detained for a week, mistreated, and not fed. In June 1999, he was detained for four days. In September 2001, he was detained for over a week.

2

The IJ denied asylum, withholding of removal, and CAT relief and ordered Cenolli removed to Albania and the BIA dismissed Cenolli's appeal. The BIA found that the Cenolli's encounter during the election did not amount to past persecution because he reported no significant injuries or the need for medical treatment, and was not subject to any harm or threats apart from this incident. The BIA further found that neither this incident, Cenolli's father's arrests, nor evidence of continuing human rights problems in Albania established a well-founded fear of persecution. The BIA also found that Cenolli did not meet his burden to establish eligibility under the CAT because he did not establish that he would more likely than not be tortured upon his return.

Cenolli argues that, based on his beating at the election, his father's arrests, and evidence of country conditions in Albania, the BIA erred in finding that he failed to establish past persecution, a well-founded fear of persecution, and eligibility for withholding of removal. He also argues that the BIA erroneously concluded that one incident alone does not establish past persecution. As to his CAT claim, Cenolli argues that the BIA erred by not independently reviewing his claim, as it failed to engage in a separate analysis of his testimony and evidence as to this claim.

Because the BIA did not expressly adopt the IJ's opinion and made its own findings, we review the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262,

3

1284 (11th Cir. 2001). We review factual determinations using the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). We will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (citation and quotation marks omitted). We review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. Id. To conclude that the BIA should be reversed, we "must find that the record not only supports that conclusion, but compels it." Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (citation and quotation marks omitted). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). Legal and constitutional challenges are reviewed de novo. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003); (constitutional challenges); Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001) (legal challenges).

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a "refugee." See 8 U.S.C. § 1158(b)(1)(A), INA § 208(b)(1)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. In order to carry this burden, the applicant must, with specific and credible evidence, establish

4

(1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). Persecution is "an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and . . . '[m]ere harassment does not amount to persecution.'" Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citing Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000)). Furthermore, "[n]ot all exceptional treatment is persecution." Gonzalez, 212 F.3d at 1355.

In the absence of past persecution, "the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." Ruiz, 440 F.3d at 1257. "The subjective component can be proved 'by the applicant's credible testimony that he or she genuinely fears persecution,' while the objective component 'can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution.'" Id. (citation omitted). The applicant must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a protected ground. Al Najjar, 257 F.3d at 1287 (quotation marks and citation omitted). An applicant who fails to establish eligibility for asylum on the merits necessarily fails to establish eligibility for withholding of removal or CAT relief.

5

Forgue, 401 F.3d at 1288 n.4.

As to past persecution, the BIA did not rely on the proposition that a single incident could not amount to persecution, but reasoned that this particular incident did not result in significant injuries or the need for medical treatment and that, aside from this incident, Cenolli had no other problems. This finding is supported by substantial evidence. Cenolli's only problem was the incident during the election. Cenolli was not the only person asked to vote for the socialists; he testified that the person who approached him also approached "many other people" about changing their votes.

Cenolli testified that he was beaten by the police after his refusal. At some unspecified point, eight democratic party members came to his aid. As a result of the altercation, he received a cut lip and "different marks on [his] body" that were no longer visible. Cenolli did not require any medical treatment or go to a doctor as a result of his injuries. Based on this evidence, we cannot conclude that the record compels the conclusion that this single beating rose to the level of persecution. See, e.g, Tawm v. Ashcroft, 363 F.3d 740, 742-43 (8th Cir. 2004) (finding no persecution where the petitioner was detained and beaten "lightly" in 1994 and detained and beaten in 1998, after which he received an ointment for swelling and recovered fully within a week); Dandan v. Ashcroft, 339 F.3d 567, 573-74 (7th Cir. 2003) (holding that the record did not compel a finding of

6

persecution where petitioner was detained for three days during which time he was beaten, resulting in a "swollen" face).

The BIA's finding that Cenolli did not have a well-founded fear of persecution based on either his or his father's support for the democratic party is also supported by substantial evidence. Cenolli became involved with the democratic party in 1996, but did not have any problems due to his party membership until the June 24, 2001 elections. Although Cenolli's father was arrested two times while Cenolli was still living in Albania, there is no evidence that he had any problems due to these arrests or his father's political activity. Cenolli's only problem occurred within the context of election violence. Cenolli described a situation where a socialist party member was asking many people to vote for his party; Cenolli was not specifically sought out for this purpose. The record does not compel the conclusion that the police or socialist party supporters would still be interested in Cenolli as a result of this incident and, given that Cenolli had no other problems due to his or his father's political activity or his father's arrests, the last of which occurred almost three years before Cenolli's hearing before the IJ, the record likewise does not compel the finding that his fear of being singled out for persecution on these grounds is objectively reasonable. Cf. Sepulveda, 401 F.3d at 1231-32 (finding that the record did not compel conclusion that petitioner had a well-founded fear of being singled out for persecution

7

because, although she exercised leadership in the nonviolence movement, the evidence did not indicate that her notoriety as an activist would outlast her four-year absence from Colombia).

While the background reports document abuses by the police and, despite some improvements, report continued serious problems with the government's human rights record, they do not compel a finding that Cenolli has an objectively reasonable well-founded fear of being singled out for persecution on account of his political opinion. There were no political killings or confirmed cases of strictly political detention in 2003. As of the 2001 Profile, all political parties were active in most of the country without a pattern of mistreatment. Furthermore, the October 2003 elections were an improvement over previous elections, with only a few isolated incidents of irregularities and violence, and campaigns were generally calm and conducted without the heated rhetoric that characterized past campaigns. While Cenolli may subjectively fear returning to Albania, substantial evidence supports the finding that Cenolli's fear of being singled out for persecution on account of his or his father's political opinion is not objectively reasonable.

Because Cenolli failed to establish eligibility for asylum on the merits, he also failed to establish eligibility for withholding of removal and relief under the

CAT.[1]  Forgue, 401 F.3d at 1288 n.4.

In addition to challenging the merits of the BIA's decision, Cenolli argues that he did not receive a fair review of his appeal by the BIA because the BIA failed to consider the Department of Homeland Security's ("DHS") failure to file a reply brief.  He reasons that, because DHS's failure to file a reply brief waived any objections to the issues he raised in his appeal, the BIA should have considered DHS's failure to file a brief as non-opposition to these issues.

We disagree.  The regulations do not require DHS to file a reply brief on appeal to the BIA.  8 C.F.R. § 1003.38(f) ("Briefs may be filed by both parties[.]") (emphasis added).  Moreover, subject to the standards governing its determination of cases, the BIA is instructed to resolve cases based on its independent judgment and discretion.  Id. § 1003.1(d)(1)(ii).  Nor did the BIA violate Cenolli's due process rights, as he was afforded notice and an opportunity to be heard. Sebastian-Soler v. U.S. Att'y Gen., 409 F.3d 1280, 1287 n.14 (11th Cir. 2005), cert. denied, 126 S.Ct. 1662 (2006).

---

[1] We find the BIA's analysis of Cenolli's CAT claim sufficient and, thus, do not remand for additional findings.  Not only does the failure to establish asylum on the merits necessarily result in a failure to establish eligibility for CAT relief,  Forgue, 401 F.3d at 1288 n.4, but Cenolli based his CAT claim on the same arguments and evidence as his asylum claim and we have found a similar finding sufficient to permit review.  See Huang v. U.S. Att'y Gen., 429 F.3d 1002, 1007 (11th Cir. 2005) (holding that BIA's finding that, "[e]ven accepting the respondent's claim as credible, she still would not meet her burdens of proof for asylum, withholding of removal, or protection under the Convention Against Torture[,]" was sufficient to permit review).

9

In light of the foregoing, the petition for review is

**DENIED.**