[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13755
Non-Argument Calendar
_____

BIA Nos. A97-201-391 & A97-201-392

BLANCA EMMA LEAL MOJICA,
YENIFER ANDREA MALAVER LEAL,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(February 8, 2007)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Blanca Emma Leal Mojica, on behalf of herself and her daughter Yenifer

Andrea Malavar Leal,[1] petitions this court for review of the Board of Immigration Appeals's affirmance of the Immigration Judge's order of removal and denial of asylum and withholding of removal.[2] After a thorough review of the record, we conclude the IJ's determination is supported by substantial evidence, and we deny the petition.

Mojica and her daughter Yenifer, both natives and citizens of Colombia, entered the United States on immigrant visas and remained beyond the expiration period. The Department of Homeland Security ("DHS") issued notices to appear, charging them with removability under INA § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B). Mojica filed an application seeking asylum and withholding of removal, alleging that she and her daughter had been persecuted on account of their religion and political opinion. According to Mojica, her common-law husband's son Juan had disappeared in 2002 in an area well known for guerilla activity. When she and her family attempted to search for him, she was warned to abandon her search and she received many threatening phone calls.

At the hearing before an IJ, Mojica conceded removability and testified that

---

[1] Yenifer was twenty years old at the time of the removal hearing.

[2] Mojica originally requested relief under the United Nations Convention Against Torture, which the IJ denied. She did not raise this issue on appeal before the BIA. Therefore, she has not exhausted this issue, and she cannot raise it before this court. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

she was active in the Conservative Party, assisted in getting people to vote, and worked at her church. According to Mojica, her problems started in 2002 when Juan disappeared with a friend. She explained that she had been told that men came to the home in which Juan and the friend were staying and took them away, but she did not know who had taken Juan or why. Mojica and her family looked for Juan until they were approached by two men, told to stop looking, and threatened to leave the country. Although Mojica stopped looking, she received threatening phone calls, which she believed were from Revolutionary Armed Forces of Colombia ("FARC") because guerillas controlled the town and the caller mentioned her political activities. Although Mojica and her daughter had come to the United States, she had another child who still lived in Colombia.

In support of the asylum application, Mojica submitted the State Department Country Reports from 2003 and 2004, which acknowledged FARC's activities in Colombia. She also submitted a copy of a declaration filed with authorities in Colombia concerning the disappearance.

The IJ denied relief, finding that although Mojica's testimony was consistent and credible, she had not established any nexus between the threats and a protected ground. The IJ noted that guerilla activity was rampant in Colombia, but there was no link between FARC and the alleged threats. The IJ further noted that other family members had remained in Colombia without trouble.

3

Mojica appealed to the BIA, which adopted and affirmed the IJ's decision. The BIA noted that there was no physical harm or evidence that the calls were related to a protected ground. Mojica now petitions this court for review, arguing that she suffered past persecution and had a well-founded fear of future persecution, and the IJ failed to consider the extent of the threats from FARC and Juan's disappearance.

Where the BIA adopts the IJ's decision, we review the IJ's decision as adopted by the BIA. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1235-36 (11th Cir. 2006). To the extent that the IJ's decision was based on a legal determination, our review is de novo. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254 (11th Cir. 2006). The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation and internal marks omitted). Additionally, "we review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Ruiz, 440 F.3d at 1255 (citation omitted). Thus, "a finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. (quotation omitted).

The Attorney General has discretion to grant asylum if an alien meets the INA's definition of "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines "refugee" as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . religion . . . or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A) & (B). The asylum applicant bears the burden of proving refugee status. Al Najjar, 257 F.3d at 1284. To meet this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. The applicant must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a protected ground. Al Najjar, 257 F.3d at 1287 (citation and quotation marks omitted). Thus, to establish eligibility for relief, Mojica must show the persecution was on account of her religion or political opinion, whether actual or imputed, and not the beliefs or opinions of her persecutors. See INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992) (holding that persecution on account of political opinion is "persecution on account of the victim's political opinion, not the persecutor's"); Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438

5

(11th Cir. 2004) (holding that the petitioner must establish past or future persecution because of his actual or imputed political opinion).  As this court recently explained, "only in a rare case does the record compel the conclusion that an applicant for asylum has suffered past persecution or has a well-founded fear of future persecution."  Silva, 448 F.3d at 1239.

If the alien establishes past persecution, she is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption.  D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817, 818 (11th Cir. 2004) (citing 8 C.F.R. § 208.13(b)(1)(i), (ii)).  If she cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable.  Ruiz, 440 F.3d at 1257.  The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution."  Id. at 1258.

Here, the IJ's decision is supported by substantial evidence.  First, Mojica did not establish past persecution on account of her religion or political opinion.  The events to which Mojica refers do not amount to persecution.  As this court has explained, "'persecution' is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not

6

amount to persecution." Sepulveda v. U.S. Att'y Gen, 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations omitted). "[O]nly in a rare case does the record compel the conclusion that an applicant for asylum suffered past persecution or has a well-founded fear of future persecution." Silva, 448 F.3d at 1239. Threatening phone calls and warnings do not rise to the level of persecution.[3]

Moreover, there is no evidence that would compel us to conclude that the alleged persecution was on account of Mojica's religion or political opinion. Mojica could not identify the source of the threats even though she believed that FARC members were responsible. And, although she testified that the caller made reference to her political activities, her testimony focused on the search for Juan as the basis for the threats and there was no evidence tying Juan's disappearance to Mojica's religious or political activities or to FARC. Thus, the IJ did not err in concluding that the alleged threats were not on account of a protected ground.

Furthermore, there was no evidence that the alleged threats were related to an imputed political opinion. "An asylum applicant may prevail on a theory of 'imputed political opinion' if [s]he shows that the '[p]ersecutor falsely attribute[d] an opinion to [her], and then persecute[d][her] because of that mistaken belief

---

[3] In a recent opinion, this court held that the cumulative effect of beatings, threatening phone calls, and kidnaping would qualify as persecution. Martinez Ruiz v. U.S. Att'y Gen., 2006 WL 3740963, at *4 (11th Cir. Dec. 21, 2006). In contrast, "light beatings" would not qualify as persecution. Cenolli v. U.S. Att'y Gen., 2006 WL 3422341 (11th Cir. Nov. 29, 2006). Accordingly, the threatening calls Mojica received, without more, would not rise to the level of persecution.

about [her] views.'" Id. (citations and quotation marks omitted). In this case, there is no evidence that the callers attributed any political opinion to Mojica.

Additionally, Mojica cannot establish that she had a well-founded fear of future persecution that was objectively reasonable. Mojica ceased her search for Juan after the warnings, and there is no evidence that she would face further calls or threats if she returned to Colombia. And, she has other family members, including her son, who have remained in Colombia without incident. Accordingly, the IJ properly concluded that there was no objectively reasonable fear of future persecution.[4]

Finally, because Mojica cannot establish eligibility for asylum relief, she cannot meet the more stringent burden for withholding of removal. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006). Accordingly, we **DENY** the petition.

---

[4] Because the IJ properly concluded that Mojica failed to meet her burden to show eligibility for relief, we need not address the IJ's conclusion that relocation was possible.